## KLINE v. CENTRAL LIFE INS. CO.
### No. 6743.

Circuit Court of Appeals, Seventh Circuit.
March 29, 1939.

Victor M. Harding, Jr., of Chicago, Ill., for appellant.

L. A Stebbins and Hyman A. Pierce, both of Chicago, Ill., for appellee.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

TREANOR, Circuit Judge.

Plaintiff-appellant brought an action in the District Court pursuant to the Federal Declaratory Judgment Act.[1] The trial court granted the defendant's motion to dismiss plaintiff's complaint, the ground for dismissal being that the complaint disclosed the nonjoinder of an indispensable party, one George E. Yokom. The sole error urged on appeal is that the District Court erred in sustaining defendant's motion to dismiss.

The suit involves an insurance policy which was originally issued by the Security Life Insurance Company of America. Security is now in receivership and the defendant, Central Life Insurance Company of Illinois, has assumed the policy obligations of Security upon the terms and con-ditions set out in a contract of reinsurance.

The policy involved in this appeal is one of life insurance in which M. E. Miller Realty Corporation is named as beneficiary. The policy also provides for payment of disability benefits to the insured in the event of his becoming totally disabled. The insured became disabled and the original insurer made payments of disability benefits from March 1, 1927, to April 18, 1932, on which date suit was commenced for the appointment of a receiver for the insurer. No payments of disability benefits have been made since April 18, 1932, although the insured has been ready and willing at all times to furnish the original insurer and the defendant reinsurer proof of his continued total disability.

At the time of the issuance of the policy the named beneficiary, M. E. Miller Realty Corp. agreed to pay premiums required to keep the policy in force until November 3, 1927. In August, 1926, one George E. Yokom, a resident and citizen of the state of Michigan, purchased all the assets of the Miller Corporation and assumed its obligation to pay the policy premiums. Thereafter the corporation's name was changed and in 1930 the corporation was dissolved under the laws of Michigan.

While plaintiff's claim for disability benefits was pending Yokom refused to continue making payments of premiums unless plaintiff would assign the policy to him. Plaintiff executed "certain assignments," the terms of which are not disclosed in the complaint, relying upon an understanding with Yokom that the policy would become the sole property of the plaintiff when Yokom received sufficient payments of disability benefits to reimburse for the amounts expended for payment of premiums. Yokom received from the original insurer enough disability payments to more than reimburse him for sums expended but refused to deliver the policy to plaintiff.

In addition to the foregoing facts and others which appear in the formal allegations of the complaint, there are material provisions in the policy, the pertinency of which will be disclosed in the course of our discussion.

On February 26, 1938, the plaintiff notified the defendant, Central Life Insurance Company of Illinois, that he was unable to secure the physical possession of the pol-

---

[1] 28 U.S.C.A. § 400.

icy and requested the defendant to change the beneficiary under the policy to Clara H. Kline, his wife, but the defendant refused to make the change "on the ground that the plaintiff, James F. Kline, did not have the right to change the beneficiary under said policy."

The plaintiff prays for the following declaration of rights:

1. That the plaintiff is "the sole and absolute" owner of said policy No. 87246;

2. That the plaintiff has the right to change the beneficiary under said policy and that either Clara H. Kline, plaintiff's wife, or the plaintiff's administrator or executor is the present beneficiary under the policy;

3. What disability benefits plaintiff is entitled to receive, or will be entitled to receive, on account of past, present, and future total disability under the disability provisions of the policy.

It is evident that a right to declaratory relief in respect to change of beneficiary and in respect to liability for disability benefits depends upon, and will be measured by, the terms of the policy and of the reinsurance contract. There are sufficient facts alleged in the complaint to show an actual controversy between plaintiff and defendant in respect to plaintiff's right to change the beneficiary and his right to receive disability payments under the policy as modified by the reinsurance contract. But we find no facts alleged which disclose any interest of Yokom, the assignee, which can be injuriously affected by a declaration which defines plaintiff's rights in respect to change of beneficiary and in respect to payment of disability benefits. The insured has the right under the policy to change the beneficiary at any time "subject to the rules of the company regarding assignments and beneficiaries." Such change is effective upon its indorsement upon the policy by the company and is "subject to the rights of the assignee, if any." Another pertinent rule respecting assignment of the policy is that the company will not assume any responsibility for the validity of an assignment.

Any declaration of right under the terms of the policy respecting change of beneficiary cannot be adverse to the interests of the assignee. Also as between assignee and defendant company any right which the assignee may have to receive payments of disability benefits, which the de-fendant is obligated to pay to the plaintiff, or any interest he may have in the payment of the principal sum of the insurance policy in case of death of the insured, is based upon the rights of the insured under the policy and the reinsurance contract. No doubt the assignee has sufficient interest in the outcome of the suit to justify his being permitted to intervene; and perhaps his interest is such that the defendant company could interplead him; but his interest is not such as to make him an indispensable party.

The assignee, however, does have a definitely adverse interest to the plaintiff in the "actual controversy" respecting the "sole and absolute ownership" of the policy. The allegations disclose that Yokom had received possession of the policy from the Miller Corporation, and that the policy had been assigned to Yokom by the plaintiff. Also Yokom had refused to deliver possession of the policy to plaintiff at the latter's demand. It also appears from the allegations of the complaint that plaintiff had assigned the policy to Yokom with the understanding that Yokom was to return the policy when he had received a certain amount in the sum of disability benefits which the original insurer was at that time under obligation to pay to plaintiff. In short, there are sufficient facts alleged in the complaint to establish that, as between Yokom and the plaintiff, the plaintiff is entitled to "sole and absolute ownership" of the policy. But it is apparent from the allegations of the complaint that the adjudication of the rights of the plaintiff as against Yokom presents a cause separable from the controversy between the plaintiff and defendant company.

Plaintiff's complaint in fact embraces independent causes,—one cause affecting Yokom based upon the "certain assignments," in respect to which the defendant has no interest adverse to plaintiff, and another affecting the defendant company based upon the policy and the contract of reinsurance, in respect to which Yokom has no interest adverse to plaintiff. The two causes are separable, both in respect to subject and to parties, and Yokom is not in any sense an indispensable party to the cause which involves a controversy between plaintiff and the defendant company. The plaintiff, if he so desires, is entitled to have a hearing on the cause which the complaint asserts against defendant; on the other hand defendant is entitled to have the is-

sues limited to that cause. The protection of defendant's interests does not require the dismissal of the complaint but can be adequately secured by proper limitation of the issues and of the scope of the declaration of rights.

The Supreme Court of the United States has defined an "indispensable party" as one who has such an interest in the subject matter of the controversy that a final decree cannot be rendered in the suit without injuriously affecting the absent party, or without leaving the controversy in such a situation that its final determination may be inconsistent with equity and good conscience.[2] By that test Yokom is not an indispensable party to the cause for a declaration of rights respecting a change of beneficiary and defendant's liability for disability benefits. The cause for a declaration of plaintiff's rights respecting ownership of the policy is separable, and under Section 50 of the Judicial Code[3] the District Court has authority to disregard it and to hear and determine the cause between the parties who are before the court.

The cause is remanded with directions to the trial court to overrule defendant's motion to dismiss and for further proceedings not inconsistent with this opinion.

Judgment of the District Court is reversed.

---

[2] Shields v. Barrow, 17 How. 130, 139, 15 L.Ed. 158.

