## TEXAS & P. RY. CO. et al. v. CITY OF NEW ORLEANS.

### No. 11729.

Circuit Court of Appeals, Fifth Circuit.

Feb. 7, 1947.

Esmond Phelps and John St. Paul, Jr., both of New Orleans, La., for appellants.

Michel Provosty, of New Orleans, La., for appellee.

Before HOLMES, McCORD, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

This is an action under the Declaratory Judgments Act of June 14, 1934, 48 Stat. 955, 28 U.S.C.A. § 400. The parties plaintiff are Texas & Pacific Railway Company and Guy A. Thompson, Trustee of Missouri-Pacific Railroad Company, Debtor, citizens of Texas and Missouri, respectively.[1] The party defendant is City of New Orleans, a municipal corporation under the laws of Louisiana, operating the Public Belt Railroad by and through a commission known as the Public Belt Railroad Commission. Federal jurisdiction is based solely on diversity of citizenship and the requisite amount in controversy.

The question for decision on this appeal is whether the Texas Pacific-Missouri Pa-

---

[1] The Texas & Pacific Railway Co. was incorporated under an act of Congress, but by Section 5 of Act of Feb. 9, 1923, 42 Statutes at Large, pp. 1223, 1224, it is deemed a citizen of the State of Texas for jurisdictional purposes in original suits in the federal courts

cific Terminal Railroad of New Orleans, a Louisiana corporation whose presence would defeat federal jurisdiction, is an indispensable party. The court below held that it was, and dismissed the complaint for want of jurisdiction.

The actual controversy, as to which a declaratory judgment is sought, is over the construction and validity of a certain provision of a written contract, as amended, signed by all the parties to this suit and by the absent party. The provision relates to railroad cars, known as hold-cars, which arrive at West Bridge Junction without any definite destination. This provision describes the method of handling hold-cars, and gives the amounts required to be paid for this service by the appellants. The appellee has refused to continue to render such service without additional compensation. The appellants contend that the appellee is under a contractual obligation to continue to render the service for the compensation named in the contract. The appellee denies this and contends that it is entitled to additional compensation.

If the contention of appellee, that it is entitled to additional compensation, were sustained, the loss would fall entirely upon the appellants, and the absent party would not have to bear any part thereof except in the remote contingency that the appellants are not able to meet their respective obligations to appellee. The severability of the rights and duties of the respective parties to the contract is one of the questions presented for decision.

This controversy relates solely to the rights and legal relations of the appellants and appellee with reference to handling cars not handled by the absent party for its own account. More particularly, it relates to the right of the appellee to demand additional compensation of appellants for services which admittedly the appellee is bound to render and for which appellants are bound to pay, the only controversy being as to the amounts rightly to be paid. The absent party and appellants are liable, under the contract, "jointly, severally, and in solido" for the correct amounts due, which necessarily means that they may be sued jointly or severally for the same.

Since the appellants may be sued severally, we see no reason why they are not entitled to a declaratory judgment to adjudicate their several rights and duties under the contract. We think a judgment can be framed so as to grant appellants all the relief they seek, without injuriously affecting any right or interest of the absent party, and that this should be done under Rule 19 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.