## ROMICK v. BEKINS VAN & STORAGE CO., Inc., et al.

No. 13729.

United States Court of Appeals
Fifth Circuit.

June 18, 1952.

Rehearing Denied July 21, 1952.

Chas. Romick, Dallas, Tex., for appellant.

Arthur J. Riggs, Paul 'Carrington, Dallas, Tex., Lawrence W. Moore, Omaha, Neb., for appellee.

Before BORAH, RUSSELL and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a final judgment of the district court disposing of two cases, Civil Action No. 4243 and Civil Action No. 4246, which had been consolidated over the objection of the appellants.

Civil Action No. 4243 had originally been brought by Charles Romick as Guardian of the estate of Frances Elizabeth Bekins, a minor as plaintiff in a state district court of Dallas County, Texas seeking to compel Bekins Van & Storage Company, Inc., a Texas corporation to declare a cash dividend and a stock dividend.[1] The action purported to be brought on behalf of said minor and all other stock-

---

1. Under appropriate facts and circumstances the courts have jurisdiction to grant such relief. See Dealers' Granite Corp. v. Faubion, Tex.Civ.App., 18 S.W.

holders similarly situated. Two of the directors of the corporation were joined as defendants. All parties were residents of Texas. The defendants removed or attempted to remove this case to the Federal court on the contention that the action arises under the Constitution of the United States, Article 1, Sec. 8, Clause 3, and especially under the Interstate Commerce Act. 49 U.S.C.A. § 1 et seq.[2]

When that case reached the district court the defendants therein, joined by other corporations and individuals, filed as plaintiffs an original complaint in the same United States District Court, docketed as Civil Action No. 4246 designating as defendants the plaintiffs in the previous action, appellants here. Jurisdiction was alleged under the Constitution of the United States, Art. 1, Sec. 8, Clause 3, the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., and § 5, and 28 U.S.C.A. §§ 1331 and 1337. It was claimed that the plaintiffs had acquired certain rights under an order of the Interstate Commerce Commission which authorized them to purchase common stock in Bekins Van & Storage Co., Inc., a Texas corporation, from the corporation and the stockholders thereof including the present appellants. It was further alleged that the present appellants were interfering with and preventing said plaintiffs from conforming to the said order of the Interstate Commerce Commission by illegal and improper acts and specifically by the suit which had been brought in the state district court of Dallas County, Texas.[3]

The complaint alleged that the state court action was an invasion of the exclusive jurisdiction of the Interstate Commerce Commission and interfered with the orders of that Commission and it prayed for an injunction against the present appellants from pursuing the rights and interests they claimed in the state court proceedings.

The district court overruled the motion of the present appellants to remand Civil Action No. 4243 to the state court and upon final hearing dismissed that action with prejudice and permanently enjoined the present appellants as prayed in Civil Action No. 4246 from pursuing the rights and interest claimed in the state court proceedings.

 At the outset, the jurisdiction of the district court is challenged. The appellants claim that that court erred in overruling the motion to remand Civil Action No. 4243. The presence of a Federal question which will authorize the removal of a suit from a state to a Federal court must be disclosed by the plaintiff's complaint, unaided by the petition for removal.[4] The complaint in the state court disclosed no Federal question. The appellees insist that the true purpose of the complaint was artfully disguised and cite Texas & Pacific Rwy. Co. v. Cody, 166 U.S. 606, 17 S.Ct. 703, 41 L.Ed. 1132. The opinion in that case confirms the rule that in cases removed because of a Federal question being involved the plaintiff's statement of his case must necessarily disclose that fact, but adds that "in the instance of diverse citizenship a different question is presented." In that case the plaintiff, a resident of Texas, had described the defendant as a Texas corpora-

2d 737, 740; Dodge v. Ford Motor Co., 204 Mich. 459, 170 N.W. 668; Kroese v. General Steel Castings Corp., 2 Cir., 179 F.2d 760, 763, 15 A.L.R.2d 1117; Storrow v. Texas Consolidated Compress & Mfg. Ass'n, 5 Cir., 87 F. 612, 616.

2. See also 28 U.S.C.A. §§ 1331, 1337, 1441.

3. The same suit, though that is not alleged in the complaint, as has been removed to the Federal court. A temporary restraining order had been issued in the state court action to preserve the status quo of the shares of stock.

4. Tennessee v. Union & Planters' Bank, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511; Louisville & Nashville Railroad Company v. Mottley, 211 U.S. 149, 31 S.Ct. 265, 55 L.Ed. 297; Gully v. First National Bank in Meridian, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; 45 Am.Jur., Removal of Causes, Sec. 48.

tion when in fact it was a corporation organized under an Act of Congress. It may be conceded that there are other cases from which the rule can be more clearly drawn that removal cannot be fraudulently evaded. See Great Northern Rwy. Co. v. Alexander, 246 U.S. 276, 281, 38 S.Ct. 237, 62 L.Ed. 713. In this case, however, we find no fraudulent attempt to evade removal by the plaintiffs in the state court, because the rights which they sought to enforce were not claimed to be founded upon the Constitution or statutes of the United States or upon any order of the Interstate Commerce Commission, and if the defendants in the state court had any defenses based thereon, the State Courts are just as bound as are the Federal Courts to recognize and give effect to such defenses subject to the ultimate rights of the parties to seek review in the Supreme Court of the United States. We hold that Civil Action No. 4243 was improperly removed from the state court and should have been remanded thereto.

█ The only specific conduct complained of in Civil Action No. 4246 was the prosecution of the suit in the state court. Substantially it was a suit to enjoin those proceedings. If the state court action can be considered an action *in rem* or *quasi in rem* as to the shares of stock then the jurisdiction of the state court first attached. Palmer v. Texas, 212 U.S. 118, 29 S.Ct. 230, 53 L.Ed. 435, Byrd-Frost, Inc. v. Elder, 5 Cir., 93 F.2d 30, 115 A.L.R. 342. If the suit in the state court is an action *in personam* it does not present such an exceptional case as to authorize the grant of an injunction by a Federal court to stay proceedings in a state court. See 28 U.S.C.A. § 2283, Red Rock Cola Co. v. Red Rock Bottlers, Inc., 5 Cir., 195 F.2d 406, and authorities there cited.

The judgment is reversed and the cause remanded with directions that Civil Action No. 4243 be remanded to the state court and that Civil Action No. 4246 be dismissed without prejudice.

Reversed.