BEKINS et al.

v.

BEKINS VAN & STORAGE CO. et al.

No. 14502.

United States Court of Appeals,
Fifth Circuit.

Feb. 12, 1954.

Rehearing Denied March 12, 1954.

Charles Romick and Ralph W. Currie, Dallas, Tex., for appellants.

Paul Carrington, W. C. Gowan and Carrington, Gowan, Johnson & Walker, Dallas, Tex., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Brought by plaintiffs-appellees, stockholders of record, against defendants-appellants, other stockholders of record, in Bekins Van & Storage Co., Inc., a Texas corporation engaged in the household moving and storage business, the suit was to quiet title to certain stocks and rights to stock owned by plaintiffs and to remove the cloud on their title thereto arising from claims asserted by defendants.

While the complaint is quite lengthy because of the many exhibits attached thereto, in its essence the claim it makes may be simply stated thus: that by stock subscription agreement dated July

19, 1948, the plaintiffs Bekins-California and Bekins-Oregon subscribed for, respectively, 6800 and 3400 shares of Bekins-Texas stock, and paid for, respectively 5000 and 2500 shares, the balance unpaid for and unissued, but which the plaintiffs have the right to pay for and receive, being, respectively, 1800 and 900 shares; that later, with the approval of the Interstate Commerce Commission, Bekins-California and Bekins-Oregon transferred to Bekins-Nebraska and Redman-Utah 2000 shares, 1000 to each, of the stock they had subscribed and paid for, and the right to subscribe for 720 shares, 360 shares to each, of the unissued stock, and to Frank Zalkovsky, 600 shares of the issued, and the right to subscribe for 600 shares of the unissued, stock; that all the balance of the stock and stock rights was and is the property of the defendants; that, notwithstanding plaintiffs are the owners of such stock and stock rights, the defendants have consistently and publicly maintained in stockholders meetings and elsewhere that they are not such owners; that, in addition, they have asserted in a suit, in the court in which this suit is filed, later dismissed without prejudice, that plaintiffs are not stockholders of Bekins-Texas and have demanded a return of dividends paid plaintiffs on their stock and cancellation of said stock and subscription rights; and that these assertions and actions on the part of defendants cast an actual cloud upon plaintiffs' title to their stock and present an actual controversy which requires resolution by declaratory judgment.

Attached to the complaint was the contract of July 19, 1948, and the proceedings taken before, and the order of, the Interstate Commerce Commission authorizing and ratifying the acquisition by plaintiffs, Bekins-California and Bekins-Oregon, of their stock and stock rights in Bekins-Texas, and their transfers to Bekins-Nebraska and Redman-Utah.

Defendants moved to dismiss on the ground that the requisite diversity of citizenship was lacking in that Bekins Van & Storage Co. (Bekins-Texas) was an indispensable party plaintiff whose joinder would oust the jurisdiction.

In addition they alleged: that there is pending for trial in the state court an action *in rem* brought there by Charles Romick, guardian of the Estate of Frances Elizabeth Bekins, a minor; that plaintiffs' suit in this court is an attempt to oust the jurisdiction of the state court in which, through Bekins Van & Storage Co., Inc., of which plaintiffs in this suit are, and have been, in unlawful control, defendants have filed an answer setting out the same matters put forward in this suit; and that this suit should, therefore, be dismissed.

For answer the defendants denied: that plaintiffs are the owners of the stock as claimed by them; that the Interstate Commerce Commission has approved their purchase and ownership; that the agreement pleaded was consummated; and that plaintiffs lawfully hold shares in Bekins-Texas, or have any rights to stock issued or unissued therein.

A further defense was that, instead of complying with and carrying out the agreement of July 19, 1948, as to the ownership of the stock issued and to be issued, plaintiffs have departed entirely from it in this that by and in the proceeding before the Interstate Commerce Commission, they have sought to "peg" or "freeze" the capitalization of the company at the amount represented by the issued stock, so as to defraud these defendants and the other members of their family by permanently reducing the proportions of the stock owned in Bekins-Texas by plaintiffs to the proportions in which the issued stock is now held, instead of, as it was agreed should be done, maintaining it at the proportions which would apply if the stock as yet unissued were issued to and taken by plaintiffs, and the other parties entitled thereto, in the amounts as agreed.

By counter claim they assert: that the plaintiffs, without right or title thereto, have unlawfully assumed control of Bekins-Texas, and have unlawfully

paid themselves dividends; that plaintiffs should have judgment on behalf of Bekins-Texas for the $20,000 in dividends paid to plaintiff, and that it should be held that Bekins-Texas has no interest in the company or in its stock or stock rights.

Thereafter, the court having overruled defendants' motion to dismiss, and plaintiffs having answered the counter-claim, plaintiffs, supporting the motion by affidavits and documentary exhibits, moved for summary judgment.

Defendants, replying to this motion, filed a motion for summary judgment in their favor in which they alleged that the pleadings, the affidavits, and the exhibits show that there is no issue of fact to be tried and that judgment should be entered for them as matter of law on the agreed and established facts disclosed.

These motions coming on to be heard, the district judge, of the opinion that defendants were not, and that plaintiffs were, for the reasons stated by him, entitled to a summary judgment, so found. He, therefore, denied defendants' motion and granted plaintiffs' and entered judgment accordingly.

Appealing from that judgment, the defendants are here insisting: that, for the reasons stated by them, that (1) the court was without jurisdiction;[1] and (2) if not, the judgment for plaintiffs was wrong.[2]

In addition, appellants urge upon us that the district court erred in denying appellants' motion for summary judgment for the cancellation of appellees' stock and for the recovery on their counter-claim of the stock issued to, and cash unlawfully taken by, appellees.

The appellees, in their brief, summarizing the record and stating the uncontradicted facts, point out: that, as a result of financial difficulties, it became necessary for appellants, as owners of all the then authorized and outstanding stock of Bekins-Texas to apply for financial assistance; that after considerable negotiations, Mr. Romick, as attorney representing all parties, prepared the papers to effectuate the plan as finally embodied and merged in the written subscription agreement of July 19, 1948; that appellees have faithfully complied with their part of the agreement and have not in any manner departed or varied therefrom. They point out fur-

---

**1.** These reasons are: (1) that no federal question is presented by plaintiffs' petition; and (2) indispensable parties properly aligned with plaintiffs if joined will divest the court of diversity jurisdiction. These parties are Frank Zalkovsky who was party to the agreement of July 19, 1948, and Bekins-Texas, the corporation which issued the stock in controversy.

**2.** These reasons are: (1) that for the reason that appellees do not show a legal interest in the stock and subscription rights which they contend are in controversy in that the orders of the Interstate Commerce Commission, under which they claim to hold their stock are permissive only and the record does not show that the transaction was consummated after the permission of the commission was given; (2) This court had the same parties before it in Romick v. Bekins Van & Storage Co., 5 Cir., 197 F.2d 369, and the judgment entered in that case is res judicata of the issues in this; (3) The contentions raised by appellees can be and are raised in the cause of action in the

state court which had acquired prior jurisdiction, and the district court should not have entertained a declaratory judgment suit and thereby ousted the state court of its prior jurisdiction; (4) The approval given by the Interstate Commerce Commission was to a transaction different from that agreed to by the stockholders in the July 19, 1948 agreement and the Judgment appealed from in effect makes a new and different contract for the parties, which the court was not competent to do; (5) The subscription agreement of July 19, 1948, was repudiated and abandoned by the appellees in that the appellees submitted their application for the commission's approval in such manner as would give them a larger, and leave appellants a smaller percentage of the total capital stock of Bekins-Texas than was provided for in the subscription agreement, and appellees thereby froze or pegged the total capital stock differently than was provided by the corporation's charter and agreed by the parties to the July 19th agreement.

ther that at the time of the subscription agreement and the issuance of stock rights pursuant thereto, they were advised by counsel and they understood that no Interstate Commerce Commission approval would be necessary; that when they were later informed that, being interstate motor carriers, they must apply to the Interstate Commerce Commission for approval of the acquisition of the control of Bekins-Texas, another motor carrier, they straightway made their application to the commission, stating what had been done by them and the reasons why it had been done that way; that the agreement of July 19, 1948, was exhibited to the commission; that the ownership of stock in Bekins-Texas and of rights to acquire stock therein was fully and accurately detailed and the situation carefully outlined; and that, when the Interstate Commerce Commission, though finding that prior approval should have been obtained, approved what had been done, including the sale by Bekins-California and Bekins-Oregon of stock and stock rights in Bekins-Texas to appellees, Bekins-Nebraska and Redman-Utah, the stock and stock rights were issued under the authority of the commission and in accordance with the agreement of July 19, 1948.

On the basis of this showing, they insist that there is no merit whatever in appellants' position that they have in anywise departed from the subscription agreement or in anywise prejudiced appellants' rights in and to the stock and stock rights allotted to them therein and thereby.

Pointing out that the claims made in the state court action and adjudicated so far as they were adjudicated, in Romick v. Bekins Van & Storage, 5 Cir., 197 F. 2d 369, were entirely different from those presented here, appellees insist that appellants' claim that the decision in that case or the pendency of the state court suit operates as a bar to this suit is wholly unmeritorious.

As to appellants' contention of no jurisdiction, appellees point to the fact: that their cause of action below was to remove cloud on, or quiet title to, personal property and was an equitable action *in rem* or *quasi in rem;* that there exists the requisite diversity of citizenship between appellants and appellees; and that the suit was properly brought and maintained in equity in the federal court.

As to appellants' claim that there is a want of indispensable parties in the failure to make parties plaintiff to the suit Frank Zalkovsky and the corporation Bekins-Texas, appellees insist that under settled law, since neither of these parties is in any manner clouding appellees' title, or making adverse claims, to their stock, they are not indispensable, indeed not even necessary, parties to the suit.

Finally, appellees insist: that the record indisputably shows that appellees are the owners of the stock and stock rights claimed by them; that, in making and asserting their ownership, appellees have done, and are doing, so in full recognition of, and in accord with, the basic contract controlling the rights of all parties to the suit; that there is no basis, therefore, in law or in equity for the assertion of appellants' counter claims to the stock and stock rights; and that the judgment was right and should be affirmed.

We agree with appellees. Here, as was the case with the pleadings, while the issues viewed in bulk seem complicated, when looked at in detail and analyzed for their substance, they are quite simple. It is not denied that the contract of July 19, 1948, represented the agreement of the parties and was duly drawn and executed, indeed counsel for the appellants himself drew the agreement. It is not denied that until long after the validity of the action of Bekins-California and Bekins-Oregon, in acquiring an interest in the stock of Bekins-Texas was brought into question by the Interstate Commerce Commission, there was no substantial dispute or difficulty between the parties in respect to the ownership of the stock in the company or in respect to carrying out the agreement for stock and stock rights.

Indeed, appellants' state suit filed March 27, 1951, did not attack, it affirmed appellees' ownership of the stock and stock rights and the validity and binding force of the subscription contract. That suit sought only to obtain a declaration of dividends and to have those dividends applied to the payment of the unissued stock, not only that belonging to appellants but also that belonging to appellees.

In addition, in April, 1951, Mr. Romick, who prepared the July, 1948 contract, advised the parties about its carrying out and represented the appellants in this and the other litigations they have carried on, informed the district court:

"What we seek is only the stock to which we subscribed. We do not seek to disturb at all the Interstate Commerce Commission order. On the contrary, we had knowledge of the fact that the order had been complied with when we instituted this suit, and we are willing, if there is anything that they have not complied with, there is nothing left to comply with, so far as we know, but if there is, it could only be a letter to the Interstate Commerce Commission from them, stating that they have complied with the I. C. C. order, and if we can help them facilitate that, why we will be glad to do that, but that is a matter within their control only."

In substance what and all that was in question below, and is in question here, is whether, after having procured an amendment of the charter and the subscription of appellees to their stock and stock rights and after thereby obtaining for their corporation, Bekins-Texas, a restoration of its financial stability and, according to appellants' allegations in their state court suit, large and continuing profits, the appellants may, upon the purely technical claim, as to them, that failure to obtain the approval in advance of the Interstate Commerce Commission avoided appellees' acquisition of their stock and stock rights, take advantage of all that the appellees have done, at the instance and request of appellants, to strengthen and improve the finances of Bekins-Texas, and also deprive appellees of the stock and stock rights which it was agreed that they should have.

■■ While we think it quite clear that, on considerations of equity and common sense alone, there is no substance in appellants' claim, that the action of the commission was not a complete ratification of what was done and did not have the effect of validating the acts of the parties as from the beginning, there is ample authority for appellees' view that it was and did.

■ We are also in full agreement with appellees that their suit was properly brought in the federal court as a suit to remove cloud [3] and that there is no lack of indispensable parties here. The only controversy here is between appellants and appellees. They are the only parties whose rights are, or can be, affected by this suit; they are, in short, the only indispensable parties.[4]

■ That there is no merit in appellants' claim, that the decision of this court in Romick v. Bekins Van & Storage Co., 5 Cir., 197 F.2d 369, constitutes a bar to appellees' suit, the most casual reading of the opinion makes plain. All that was decided there was that the case removed from the federal court was not

---

3. Jellenik v. Huron Copper Mining Co., 177 U.S. 1, 20 S.Ct. 559, 44 L.Ed. 647; 105 A.L.R. 291; Dittmar v. Alamo Nat. Co., 132 Tex. 44, 118 S.W.2d 298; Humble Oil & Refining Co. v. Sun Oil Co., 5 Cir., 190 F.2d 191; Id., 5 Cir., 191 F.2d 705; Kline v. Central Life Ins. Co., 7 Cir., 103 F.2d 130; 28 U.S.C.A. § 1655.

4. 28 U.S.C.A. § 1332; Texas & P. Ry. Co. v. City of New Orleans, 5 Cir., 159 F.2d 77, 195 F.2d 887; Seeley v. Cornell, 5 Cir., 74 F.2d 353; Vierling v. Baxter, 293 Pa. 52, 141 A. 728; Cyclopedia of Federal Procedure, 3rd Ed. Sec. 21.98 at page 525. Cf. Hudson v. Newell, 5 Cir., 172 F.2d 848, 850 and Young v. Powell, 5 Cir., 179 F.2d 147, in which the principles governing this question are fully set out and correctly applied to their particular facts.

removable and that since the federal court action, brought to enjoin its prosecution, was merely ancillary to that removal, it should be dismissed. None of the issues presented in this case were presented there.

It is also true that none of the appellees are, or have been parties to the state court litigation and that such litigation has not been *in rem* or *quasi in rem* as to the stock and stock rights involved in this suit. That litigation has been against parties other than the appellees and has been *in personam*. Cf. Southern Mills, Inc. v. Armstrong, 223 N.C. 495, 27 S.E.2d 281, 148 A.L.R. 1248.

■■ Finally, while we agree with appellants that a federal court should not ordinarily in a declaratory judgment suit undertake to anticipate the action of a state court in a similar suit filed earlier, thereby in effect racing it to a decision, it is perfectly clear: that here there was a real, a definite, a pressing controversy over the ownership and rights of appellees to their stock and stock rights; and that this controversy was not pending in any other court.

The judgment of the District Court was right. It is Affirmed.