**COLUMBIA PICTURES CORPORATION, a New York corporation, Plaintiff,**

**v.**

**TOWNE THEATRE CORP., a Wisconsin corporation, Defendant.**

**No. 67-C-417.**

United States District Court
E. D. Wisconsin.
March 25, 1968.

Brady, Tyrrell, Cotter & Cutler, Milwaukee, Wis., for plaintiff.

James P. Samster, Milwaukee, Wis., for defendant.

## OPINION and ORDER

MYRON L. GORDON, District Judge.

On or about November 17, 1967, Columbia Pictures Corporation, a New York corporation, initiated action against Towne Theatre Corporation, a Wisconsin corporation, in the county court for Milwaukee County. Columbia Pictures seeks damages for an alleged breach of contract between the parties involving the exhibition of a picture known as "The Taming of the Shrew". Columbia Pictures seeks damages in the amount of $49,462.72, plus interest.

On December 14, 1967, the defendant filed a petition for removal alleging that the plaintiff's action could be removed pursuant to the provisions of 28 U.S.C. § 1441. On January 12, 1968, the plaintiff filed a motion for remand pursuant to 28 U.S.C. § 1447.

This court must determine whether the instant action is one which qualifies for removal under 28 U.S.C. § 1441(a). The state court complaint alleges diversity of citizenship, and the amount in controversy is more than $10,000. However, the second and concluding sentence of § 1441(b), which has reference to actions invoking the diversity jurisdiction of the court precludes removal on that basis. That sentence reads as follows:

> "Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought."

The defendant, Towne Theatre, is a citizen of Wisconsin, and therefore the case may not be removed in its stature as a civil action based upon the diversity ju-

risdiction of the court. See 1A Moore's Federal Practice § 0.161 [1] (2nd ed.).

■ Section 1441(b) also provides that an action arising under the Constitution, treaties or laws of the United States may be removed regardless of the citizenship or residence of the parties. For this court to have jurisdiction over such an action, the "right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridan, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). No such element is disclosed in the plaintiff's complaint, and the court may look only to the plaintiff's complaint to determine if a federal question is present. Robertson v. Eastern Air Lines, Inc., 221 F.Supp. 349 (S.D.N.Y.1963).

■ The disclosure of a federal question is first mentioned in the petition for removal. The court is not free to apply the arguments presented by the defendant in its petition for removal since the law is clear that the presence of a federal question *must* be found in the complaint unaided by the petition for removal. In Romick v. Bekins Van & Storage Co., 197 F.2d 369 (5th Cir. 1952), the court said at page 370:

"The presence of a Federal question which will authorize the removal of a suit from a state to a Federal court must be disclosed by the plaintiff's complaint, unaided by the petition for removal. The complaint in the state court disclosed no Federal question. The appellees insist that the true purpose of the complaint was artfully disguised and cite Texas & Pacific Rwy. Co. v. Cody, 166 U.S. 606, 17 S.Ct. 703, 41 L.Ed. 1132. The opinion in that case confirms the rule that in cases removed because of a Federal question being involved the plaintiff's statement of his case must necessarily disclose that fact, but adds that 'in the instance of diverse citizenship a different question is presented.' * * * "

The defendant, Towne Theatre, argues forcibly that it is more equitable that the alleged breach of contract be heard in the federal court. This contention stems from the fact that a decree (which reserved continuing jurisdiction) was entered in the federal court on April 14, 1950. The defendant also points out that it commenced proceedings for "supplemental relief" in the federal court on October 20, 1967, prior to the plaintiff's suit for damages in the state court; in the federal court proceedings, Town Theatre specifically refers to the same motion picture exhibition which is the subject of the state court action. This leads the defendant to urge that the state court action "properly viewed" is a continuation of the litigation growing out of the 1950 decree.

■ The complaint filed by Columbia Pictures in the state court makes no reference to the 1950 federal decree nor to any federal issue; on its fact, it is a breach of contract claim. There is no showing here that the said complaint was prepared so as to evade removal in any improper way. There is applicable here the language of the court in the *Romick* Case, supra, 197 F.2d at page 371:

"* * * In this case, however, we find no fraudulent attempt to evade removal by the plaintiffs in the state court, because the rights which they sought to enforce were not claimed to be founded upon the Constitution or statutes of the Interstate Commerce Commission, and if the defendants in the state court had any defenses based thereon, the State Courts are just as bound as are the Federal Courts to recognize and give effect to such defenses subject to the ultimate rights of the parties to seek review in the Supreme Court of the United States. We hold that Civil Action No. 4243 was improperly removed from the state court and should have been remanded thereto."

There is much persuasive force to the defendant's position, but its "equitable" argument does not meet the above quoted

language of § 1441(b); nor do the facts relied upon by the defendant appear in any way in the plaintiff's complaint as is required by *Gully, Robertson* and *Romick,* supra. Although this court must grant the plaintiff's motion for remand, it would invite the Milwaukee county court to consider staying proceedings until the district court for Northern Illinois has ruled on the merits of Towne Theatre's motion of October 20, 1967.

 In conjunction with its motion to remand, Columbia Pictures has moved the court for an order requiring the payment to Columbia Pictures by Towne Theatre of all costs and disbursements incurred by reason of the removal proceedings. 28 U.S.C. § 1447(c) allows the court, in its discretion, to order the payment of just costs. Upon consideration of all the circumstances, the court will deny such motion for costs and disbursements.

It is therefore ordered that the motion of the plaintiff, Columbia Pictures Corp., to remand the action be and is hereby granted, and its motion for costs and disbursements incurred in this court by reason of these removal proceedings be and is hereby denied.