W. B. WOLFE AND RUTH M. WOLFE v. MR. AND MRS. WILLIAM F. EAKER

No. 8027SC458

(Filed 16 December 1980)

1. **Bills and Notes § 4— promissory note — loan to partnership instead of to plaintiff — failure to show want of consideration**

   In plaintiffs' action to nullify and have declared void a promissory note for $12,500 executed by plaintiffs to defendants where defendants counterclaimed to recover on the note, plaintiffs failed to establish the defense of want of consideration and the trial court did not err in excluding evidence tending to show that the loan made by defendants went not to plaintiffs personally but to a partnership in which plaintiffs were involved, since the fact that the loan was to the partnership and not to plaintiffs personally did not establish want of consideration; the evidence disclosed detriment to defendant promisee in the amount of $25,000; and since plain-

Wolfe v. Eaker

tiffs got what they bargained for, as a matter of law this was sufficient consideration to support their promise to pay $12,500, it not being essential that the consideration flow directly to plaintiffs.

2. Bills and Notes § 19— promissory note —failure to establish non-delivery

Where plaintiffs sought to nullify a promissory note executed by them to defendants but defendants counterclaimed to recover on the note, plaintiffs failed to establish the defense of non-delivery where the evidence tended to show that plaintiffs gave the note to their business partner with the intention that it be placed with his note and be given to defendant; this was done in defendant's presence and apparently with his consent; and plaintiffs presented no evidence of any doubts, reservations or conditions upon the surrender of the note.

3. Bills and Notes § 19— promissory note — loan to partnership — dissolution of partnership — evidence of dissolution agreement irrelevant

Where plaintiffs sought to nullify a promissory note executed by them to defendants but defendants counterclaimed to recover on the note, the trial court did not err in excluding evidence which plaintiffs claimed tended to show that (1) the loan by defendants went to a partnership in which one plaintiff was involved, (2) when the partnership was dissolved, the note was to have been discharged in consideration for plaintiff's partner receiving all the partnership's stock of building materials, and (3) one defendant knew that plaintiff derived no benefit from the partnership and that defendants' son received all of its funds, since plaintiffs made no attempt to show that defendant took any part in the agreement dissolving the partnership; plaintiffs' obligation ran to defendants; defendant would have had to bargain for plaintiff's release of his claim to partnership properties for the agreement to have had any relevance to the obligation between plaintiff and defendant; and absent evidence of fraud or collusion between plaintiff and defendant concerning the partnership dissolution, defendant's mere awareness of the wrongful acts of plaintiff's partner in diverting partnership funds would have no bearing on the obligation entered into between plaintiff and defendant.

4. Bills and Notes § 20— promissory note — judgment for face amount plus interest

Where defendants counterclaimed to recover on a promissory note in the amount of $12,500, defendants were entitled to judgment as a matter of law, the parties had stipulated that the amount of interest due on the note was $4941.67, and the jury returned a verdict for defendants in the amount of $12,500, the trial court did not err in entering judgment n.o.v. for defendants in the sum of $17,441.67.

APPEAL by plaintiffs from *Snepp, Judge.* Judgment entered 21 January 1980 in Superior Court, GASTON County. Heard in the Court of Appeals on 6 November 1980.

Plaintiffs bring this action to nullify and have declared void a promissory note dated 12 January 1976 in the sum of $12,500.00 executed by plaintiffs to defendants and payable one year from date. Defendants counterclaim to recover on the note.

Plaintiffs allege that W. B. Wolfe and Charles F. Hewes were

business partners in the Hewes Building Supply Company; that defendants loaned $25,500.00 to the partnership; that the note in question was to secure one-half of the loan, a note in like amount to be executed by Hewes and wife to defendants to secure the other one-half of the loan to the partnership; and that the loan proceeds and the note were delivered to Hewes and wife, who diverted the loan funds to their personal use.

Defendants admitted the execution and delivery to them by plaintiffs of the $12,500.00 note, denied that it was intended as security, and alleged the note was due and unpaid.

At trial plaintiff W. B. Wolfe testified that he and his wife executed the note for $12,500.00 and got the money from Eaker for the partnership. Wolfe offered testimony that the loan proceeds were delivered to the partnership, that the partnership got in financial difficulty, and that he (Wolfe) in late 1976 sold his partnership interest to Hewes.

Defendant William F. Eaker testified that the plaintiffs' note was delivered to him and he paid the loan proceeds to the partnership.

All parties, plaintiffs and defendants, moved for directed verdict. The trial court directed a verdict against plaintiffs on their claim, but submitted the defendants' counterclaim to the jury with peremptory instructions.

Two issues were submitted to the jury as follows:

1. Did the plaintiffs execute and deliver to the defendants a promissory note, as alleged in the defendants' counter claim?

2. If so, in what amount are the plaintiffs indebted to defendants?

The trial judge gave peremptory instructions on both issues. On the second issue, the jury was instructed that all parties had stipulated that the amount of interest at 12% would be $4,941.67.

The jury answered the first issue "Yes", and the second issue "12,500.00."

The defendants moved for judgment notwithstanding the verdict in the sum of $17,441.67 as to the second issue. The motion was

allowed, and judgment was entered for the defendants in that sum.

*Hugh W. Johnston; Basil L. Whitener and Anne M. Lamm for plaintiff appellants.*

*Hollowell, Stott & Hollowell by L. B. Hollowell, Jr. for defendant appellees.*

CLARK, Judge.

At the close of plaintiffs' evidence the trial judge entered a directed verdict because the plaintiffs had produced no evidence of any of the allegations upon which they sought to establish their claim. The directed verdict against the plaintiffs on their claim was proper. Plaintiffs neither object, except nor assign error to the directed verdict against them on their claim, but instead argue alleged errors in directing the verdict on defendants' counterclaim. We hold that on the unique facts of this case the directed verdict for the defendants on the plaintiffs' claim required as a matter of law a directed verdict for the defendants on their counterclaim since the issues and the burden of proof were identical to those in the plaintiffs' original claim.

Defendants, on their counterclaim, met their initial burden of proof by producing a signed promissory note evidencing an obligation of $12,500.00 "[P]roduction of the instrument entitles the holder to recover on it unless the defendant [herein the plaintiffs Wolfe] establishes a defense." G.S. 25-3-307(2). Plaintiffs then had the same burden in the defendant's counterclaim that they had in their original claim; *i.e.,* that of proving want of consideration and non-delivery, both defenses to their liability on the note, G.S. 25-3-306(c), and of proving discharge and satisfaction to the extent of the unknown amounts plaintiffs alleged defendants received from the partnership proceeds, G.S. 25-3-603(1). A directed verdict for defendants, even though they had the initial burden of proof, was proper where, as here, the controlling evidence was documentary and the non-movants failed to contradict or impeach it. *Bank v. Burnette,* 297 N.C. 524, 256 S.E. 2d 388 (1979). *See* Note, *Directing a Verdict in Favor of the Party with the Burden of Proof,* 16 Wake Forect L. Rev. 607 (1980).

[1] Plaintiffs failed to establish the defense of want of consideration. Plaintiffs offered evidence that they executed the note for $25,000.00 to the Hewes Building Supply. Hewes and Wolfe were partners in the building supply. Mr. and Mrs. Hewes were to have executed a note in like amount. Plaintiffs assigned as error the judge's exclusion of the

evidence they claim tended to show that the loan went not to the plaintiffs personally, but to the partnership. That the loan was to the partnership and not to the plaintiffs personally does not establish a want of consideration. As noted in Official Comment 3 to G.S. 25-3-408, the consideration required under the Uniform Commercial Code, G.S. Ch. 25, is defined by the ordinary rules of contract law, which find consideration in either "some benefit or advantage to the promisor, or . . . some loss or detriment to the promisee." *Mills v. Bonin,* 239 N.C. 498, 502, 80 S.E. 2d 365, 367 (1954). The evidence disclosed detriment to the promisee Eaker in the amount of $25,000.00. Also, since the Wolfes got what they bargained for, as a matter of law this was sufficient consideration to support their promise to pay $12,500.00, it not being essential that the consideration flow directly to the plaintiffs. Plaintiffs' assignment of error to the judge's exclusion of evidence that the loan went to the partnership is overruled.

[2]  Plaintiffs offered no evidence of non-delivery. The evidence showed that plaintiffs gave the note to Hewes with the intention that it be placed with the Hewes note and be given to Eaker. This was done in Eaker's presence and apparently with his consent. Plaintiffs presented no evidence of any doubts, reservations, or conditions upon his surrender of the note. "While it is not indispensable that there should have been an actual manual transfer of the instrument from the maker to the payee, yet, to constitute a delivery it must appear that the maker in some way evinced an intention to make it an enforceable obligation against himself, according to its terms, by surrendering control over it and intentionally placing it under the power of the payee or of some third person for his use." 11 Am. Jur. 2d *Bills and Notes* § 276 (1963). We hold the delivery sufficient.

Plaintiffs presented not one scintilla of evidence to support their claim of discharge and satisfaction through the receipt by defendants of partnership proceeds.

[3]  Plaintiffs assign as error, although their pleadings did not so allege, the exclusion of evidence which they claim if presented would tend to show that when the partnership was dissolved, the note was to have been discharged in consideration for Hewes receiving all the partnership's stock of building materials. They made no attempt, however, to establish that Eaker took any part in this agreement. Plaintiffs' obligation ran to the Eakers. Eaker would have had to

bargain for plaintiffs' release of his claim to partnership properties for this agreement to have any relevance to the obligation between Wolfe and Eaker. The evidence does not support a finding that Eaker did more than *observe* the actions of Wolfe and Hewes during the dissolution of their partnership, nor does it suggest that Hewes had any authority, real or apparent, to bargain with Wolfe on Eaker's behalf.

Plaintiffs assign as error the trial judge's refusal to allow the examination of defendant William Eaker as to whether he knew that plaintiff, W. B. Wolfe, derived no benefit from the partnership and the defendants' son, Hewes, received all of its funds. Absent evidence of fraud or collusion or indeed of any dealing between Wolfe and Eaker concerning the partnership dissolution, we fail to see how Eaker's mere awareness of the wrongful acts of Hewes in diverting partnership funds should have any bearing on the obligation entered into between Wolfe and Eaker. Hewes' wrongful appropriation of partnership funds is a matter between Hewes and Wolfe. Absent evidence of involvement by Eaker, the wrongful appropriation of partnership funds should have no bearing on Wolfe's obligation under the promissory note.

Plaintiffs presented evidence that Eaker directed Hewes to deliver the note back to Wolfe. While this suggests that Eaker agreed to cancel the instrument, there is no evidence of any consideration for the agreement. As stated above, there was no evidence that Eaker bargained with Wolfe to gain for Hewes the partnership's stock in trade. Absent such evidence, we cannot see how Eaker, here the promisor, received any benefeit from the agreement, nor can we see any detriment to the promisee Wolfe. *Mills v. Bonin, supra, c.f.* G.S. 25-3-601(2). The Uniform Commercial Code does not provide for oral cancellation of negotiable instruments. *See* G.S. 25-3-605 and North Carolina Comment to Subsection (1)(b).

**[4]**  Since plaintiffs failed to establish any of the defenses available to them, defendants were entitled to recover on the note as a matter of law. The remainder of the plaintiffs' assignments of error may therefore be dismissed summarily. They assign error to the denial of the directed verdict in their favor on the defendant's counterclaim; but, of course, if, as we hold, defendant was entitled to a judgment as a matter of law, the judge did not err in refusing to direct a verdict against the defendant. They assign error to the granting of the defendants'

motion for a judgment notwithstanding the verdict; but the judge's entry of judgment notwithstanding the verdict was proper under G.G. 1A-1, Rule 50(b)(1) since we hold that defendants were entitled to judgment as a matter of law and since a motion for directed verdict was made at the close of all the evidence. The parties had stipulated to the amount of interest due on the note at $4,941.67. As a matter of law, defendant was entitled to the face amount of the instrument, plus the interest due and owing thereon: $17,441.67. No error can be found in the judge's peremptory instructions to the jury since we hold as we do that the case should have never been submitted to the jury and since the trial judge had the authority under G.S. 1A-1, Rule 50(b)(1) to set aside the judgment and direct the entry of judgment as if the requested verdict had been directed. The plaintiffs' assignment of error to the signing and entry of the judgment is based on their claim that they "had no knowledge or information that such motion was made nor did they have an opportunity to make any presentation to the court as to why the motion should not be allowed." The motion and the trial court's granting thereof clearly appear in the record. This assignment is therefore dismissed as spurious.

The trial court's entry of judgment notwithstanding the verdict in the amount of $17,441.67 is affirmed.

Judges HEDRICK and WHICHARD concur.