THE NORTHWESTERN BANK v. J. DOUGLAS MORETZ

No. 8111DC707

(Filed 6 April 1982)

1. **Uniform Commercial Code § 31— direct dealing with party to instrument—defense of non-performance of condition precedent**

    Where all the evidence indicated that plaintiff dealt directly with defendant, plaintiff took defendant's note subject to any defense defendant could establish of non-performance of a condition precedent. G.S. 25-3-305(2).

2. **Bills and Notes § 19; Uniform Commercial Code § 29— failure of condition precedent—parol evidence**

    Delivery of a note upon a condition which failed may be shown by parol evidence.

3. **Bills and Notes § 20; Uniform Commercial Code § 32— action on note—nonperformance of condition precedent—jury question**

    In an action to recover the balance due on a promissory note, the evidence presented questions of fact for the jury as to whether the note was delivered subject to a condition precedent that plaintiff would "pursue every possible effort" to collect the sum due from a third party by prosecuting the third party for giving plaintiff a worthless check in payment of the sum due and whether plaintiff had fulfilled such condition.

APPEAL by plaintiff from *Christian, Judge.* Judgment entered 11 February 1981 in District Court, LEE County. Heard in the Court of Appeals 9 March 1982.

*James E. Holshouser, Jr., and Love & Wicker, P.A., by Dennis A. Wicker, for plaintiff appellant.*

*Moretz & Moore, by J. Douglas Moretz and G. Hugh Moore, Jr., for defendant appellee.*

WHICHARD, Judge.

Plaintiff's complaint demanded judgment against defendant for the balance due on a promissory note. Defendant's answer pleaded, *inter alia*, that the note was delivered subject to a condition precedent that plaintiff would "pursue every possible effort" to collect the sum due from one Clyde Baker by prosecuting Baker for giving plaintiff a worthless check in payment of the sum due; and that plaintiff had willfully failed to fulfill the condition precedent, thereby relieving defendant of any obligation.

Plaintiff's evidence showed the following:

Clyde Baker applied to plaintiff for a loan to enable him to purchase defendant's automobile. Plaintiff initially denied the application, but subsequently approved it upon defendant's co-signing Baker's note. Baker thereafter gave plaintiff a worthless check in purported payment of the note. Defendant thereupon executed the note at issue in payment of the original note.

Acting on defendant's advice, plaintiff instituted criminal charges against Baker on the worthless check. On request of plaintiff's home office legal counsel, however, an officer of plaintiff thereafter informed the prosecuting attorney by letter that plaintiff had no further interest in the prosecution, because it had been paid in full by defendant as endorser.

Defendant's evidence showed the following:

Defendant signed Baker's note to enable Baker to secure funds with which to purchse defendant's automobile. When an officer of plaintiff advised defendant that Baker had given plaintiff a worthless check in purported payment of the note, and that the note was in default, defendant executed a new note to plaintiff. Defendant told plaintiff's officer he would sign the new note if plaintiff would "continue after Clyde Baker . . ., because he [was] the one that ought to have to pay it." Defendant received no new money for signing the new note, and the new note "was delivered . . . on the condition that [plaintiff] continue to proceed after Clyde Baker." The condition was "a verbal condition or understanding" which defendant reached with plaintiff's officer prior to signing the new note.

Defendant subsequently learned of the letter from plaintiff's officer to the prosecuting attorney, which stated that the original note had been paid in full by the endorser and that plaintiff thus had no further interest in the prosecution. He also learned that plaintiff's local counsel had represented Baker on the worthless check charge and had told plaintiff's officer that plaintiff "did not want to be in the position of prosecuting someone on a bad check under those circumstances."

The jury found that the second note was conditioned upon plaintiff's prosecuting Baker for the worthless check and for his

default on the note; and that plaintiff, through its officer's conduct, breached the condition precedent. Judgment was accordingly entered for defendant, and plaintiff appeals.

Plaintiff's sole contention is that the court erred in denying its motions for directed verdict and judgment notwithstanding the verdict. We find no error.

Plaintiff met its initial burden of proof by introduction of the note at issue, the signing of which was admitted in defendant's answer and his evidence. "When signatures are admitted or established, production of the instrument entitles a holder to recover on it *unless the defendant establishes a defense.*" G.S. 25-3-307(2) (emphasis supplied). *See Wolfe v. Eaker*, 50 N.C. App. 144, 272 S.E. 2d 781 (1980), *disc. rev. denied*, 302 N.C. 222, 277 S.E. 2d 69 (1981). Upon introduction of the note, then, the burden of proof shifted to defendant to establish a defense.

[1, 2]  One not a holder in due course takes a note subject to the defense of non-performance of any condition precedent. G.S. 25-3-306(c). A holder in due course takes a note free from "all defenses *of any party to the instrument with whom the holder has not dealt.*" G.S. 25-3-305(2) (emphasis supplied). All the evidence indicates, and plaintiff does not dispute, that plaintiff dealt directly with defendant. It thus, regardless of whether it was a holder in due course, took defendant's note subject to any defense he could establish of non-performance of a condition precedent. Delivery of a note upon a condition which failed may be shown by parol evidence. *See Perry v. Trust Co.*, 226 N.C. 667, 40 S.E. 2d 116 (1946); *Galloway v. Thrash*, 207 N.C. 165, 176 S.E. 303 (1934); *Thomas v. Carteret County*, 182 N.C. 374, 109 S.E. 384 (1921).

The motions for directed verdict and judgment notwithstanding the verdict presented the question whether the evidence of defendant's alleged defense of delivery subject to an unfulfilled condition precedent was sufficient to entitle him to have a jury pass on it. If there was "any evidence more than a scintilla" to support prima facie establishment of the constituent elements of the defense, the motions were properly denied. *Hunt v. Montgomery Ward and Co.*, 49 N.C. App. 642, 272 S.E. 2d 357 (1980), and authorities cited.

[3]　Defendant testified that he told plaintiff's officer he would sign the new note if plaintiff would "continue after Clyde Baker," and that the new note was delivered to the officer on the condition that plaintiff "continue to proceed after Clyde Baker." He also testified regarding the letter from plaintiff's officer to the prosecuting attorney which stated that the original note had been paid in full by the endorser and that plaintiff thus had no further interest in the prosecution. The letter itself was admitted into evidence as an exhibit. The prosecuting attorney testified that he in fact prosecuted the criminal case against Baker, and that he in fact received the letter.

This evidence presented questions of fact for the jury as to whether the note was delivered subject to a condition precedent, and whether plaintiff had fulfilled the condition. The motions for directed verdict and judgment notwithstanding the verdict thus were properly denied.

Plaintiff contends the motions should have been granted, because there was no evidence that the letter from its officer to the prosecuting attorney affected the judgment in the criminal prosecution against Baker. The test of fulfillment of the condition was not the ultimate judgment against Baker, however, but what plaintiff did or failed to do to secure a judgment requiring Baker to pay the sum due. The contention thus has no merit.

Plaintiff's further contentions that (1) the conditional delivery defense constitutes use of criminal process to enforce payment of a civil obligation, and is thus violative of N.C. Const. art. I, § 28, and (2) the conditional delivery defense is unavailable to defendant because he is an attorney and is thus prohibited by DR7-105, Code of Professional Responsibility, from presenting criminal charges solely to obtain an advantage in a civil matter, are equally without merit.

No error.

Judges MARTIN (Robert M.) and MARTIN (Harry C.) concur.