BRENDA GAIL PITTS v. JOHN D. BROYHILL

No. 8724DC205

(Filed 16 February 1988)

1. **Divorce and Alimony § 19.5— separation agreement incorporated into divorce decree—contract to alter agreement proper**

 The parties could enter into a contract to alter the terms of a separation agreement which had been incorporated into a divorce decree.

2. **Divorce and Alimony § 19.5— separation agreement incorporated into divorce decree—contract to alter agreement supported by consideration**

 The parties' agreement which in effect altered their separation agreement after it had been incorporated into a divorce decree was supported by consideration where plaintiff, by making the new agreement, agreed to give up her right to seek judicial enforcement of paragraph 9 of the separation agreement, and plaintiff gave up her ownership of a lot upon which defendant was obligated to build her a house based upon defendant's promise in the new agreement to procure a substitute residence for plaintiff.

3. **Contracts § 27.2— contract to make mortgage payments—sufficiency of evidence of breach**

 The trial court properly found that defendant breached the parties' contract where the contract provided that defendant would make the mortgage payments on a deed of trust, and he admitted in his pleadings that he did not.

4. **Contracts §§ 21.3, 27.2— anticipatory breach—no allegation or evidence—finding improper**

 In an action to recover on the parties' contract which required defendant to purchase a house for plaintiff where the pleadings showed that defendant breached the contract by failing to make mortgage payments, the trial court erred in finding an anticipatory breach damaging plaintiff in the amount of $46,000, since plaintiff requested only specific performance and damages for failure to pay in the past, and there was no allegation or evidence that defendant had shown by words or conduct that he had repudiated the future performances due on the entire contract.

5. **Rules of Civil Procedure § 52— judgment improper in form**

 The trial court's judgment was improper in form where it contained findings of fact and conclusions of law, but did not direct the entry of the appropriate judgment. N.C.G.S. § 1A-1, Rule 52(a)(1).

APPEAL by defendant from *Ginn, Judge.* Judgment entered 25 September 1986 in District Court, WATAUGA County. Heard in the Court of Appeals 25 September 1987.

*Finger, Watson, di Santi & McGee by Linda M. McGee for plaintiff appellee.*

*Robert T. Speed and Lisa Boutelle Hardin for defendant appellant.*

COZORT, Judge.

On 11 August 1972, Brenda Gail Pitts, plaintiff below, and John D. Broyhill, defendant below, were married. On 16 November 1978, the parties entered into a separation agreement. In paragraph nine of that agreement, defendant promised to build for plaintiff, on a lot she owned, a three bedroom, two-bath home, for a price not to exceed forty thousand dollars. This amount did not include the cost of the lot. The text of paragraph 9 is as follows:

> John D. Broyhill hereby agrees that he shall construct and build for Brenda Gail Broyhill a three (3) bedroom, two (2) bath home on Lot 6 of the High Heather Estates in Blowing Rock, North Carolina. The parties shall consult and agree on the plans and specifications for said house prior to construction on the house. The construction of said house, not including the cost of the lot shall not exceed FORTY THOUSAND DOLLARS $40,000.00. After the computation stated above, John D. Broyhill shall maintain and pay all mortgage payments on the construction loan and permanent financing loan against the constructed house not to exceed FORTY THOUSAND DOLLARS ($40,000.00). John D. Broyhill hereby agrees to maintain a mortgage insurance premium on the loan to assure payment of said mortgages.

The separation agreement, including paragraph 9, was incorporated verbatim into the judgment of absolute divorce rendered on 20 November 1978 in the District Court of Watauga County.

On 3 November 1980, the parties executed a notarized document entitled AMENDMENT TO SEPARATION AGREEMENT ["Exhibit C" in the trial below], in which the following pertinent language appeared:

THAT WHEREAS the parties originally signed a Separation Agreement on the 16th day of November, 1978; and,

THAT WHEREAS, the parties desire to amend paragraph (9) of said Agreement.

NOW, THEREFORE, the parties agreed as follows:

(1) Paragraph (9) of the original agreement is deleted in its entirety;

(2) The following paragraph (9) is substituted and made a part of the original agreement, being the new paragraph (9) as follows:

John D. Broyhill hereby agrees to purchase a 1.169 acre tract from Steven C. Floyd and wife, Anna T. Floyd, said tract being all of Lot 21 and a portion of Lot 24, Section A, Mayview Park Subdivision in Blowing Rock, North Carolina. John D. Broyhill further agrees to obtain financing with Piedmont Federal Savings and Loan Association in the amount of Fifty Thousand Dollars ($50,000.00), and to maintain and pay all mortgage payments on said loan. John D. Broyhill agrees to maintain a mortgage insurance premium on the loan to assure payment of said mortgage.

John D. Broyhill agrees to convey the aforesaid property to Brenda Gail Pitts, subject to the mortgage and and [sic] subject to the conditions herein.

On 22 January 1986, the plaintiff filed a complaint alleging that the defendant had failed to comply with the terms of the 3 November 1980 document. She alleges that defendant had become delinquent in the mortgage payments on the substitute property and that he had failed to keep current mortgage insurance on the property. The plaintiff's complaint prayed for specific performance, damages for interest on loans the plaintiff allegedly had to acquire to make the mortgage payments which defendant failed to pay, punitive damages, reasonable attorney's fees, and costs.

In his answer, the defendant admitted the specific language of paragraph nine and its incorporation into the 20 November 1978 divorce decree. The defendant denied that he was in any way bound by the obligations contained therein. The defendant

further admitted that he failed to make continuous mortgage payments to Piedmont Federal, and that Piedmont notified him that foreclosure proceedings were imminent.

This case was heard before the Honorable C. Phillip Ginn, District Court Judge, at the 22 September 1986 Session of Civil District Court for Watauga County. The plaintiff offered evidence tending to show that she and the defendant had entered into a written separation agreement which was incorporated into their judicial divorce decree. Both subsequently signed a document calculated to amend their separation agreement. The plaintiff's evidence also tended to show that the defendant persuaded her to convey property she owned, described in paragraph nine in the original separation agreement, to a third party. She testified that she received no proceeds from this exchange; the Floyd home, described in the 3 November 1980 document, was to compensate her for allowing him to be excused from his prior construction obligation. After the purchase of the substitute property by the defendant and transfer of it to the plaintiff, the defendant made mortgage payments until the plaintiff remarried.

Defendant offered no evidence at trial.

In a Judgment signed 25 September 1986, the trial judge found that "the Amendment to Separation Agreement dated 3 November 1980 . . . is a valid contract" and that the plaintiff suffered damages in the amount of $9,864.64, plus $107.06 interest as a result of the defendant's breach. The court also found that the defendant's "continual refusal to pay the required deed of trust payments . . . has resulted in an anticipatory breach of the contract in the amount of the present payoff on the deed of trust to Watauga Savings and Loan in the amount of $46,000.00." The court then entered conclusions of law consistent with those findings. The Judgment contained no language, however, directing the defendant to make any payments.

The defendant urges this Court to reverse the judgment of the trial court for four reasons: first, because the trial court's judgment contained no order; second, because the document entitled "Amendment to Separation Agreement" was not a valid contract; third, that because there was no contract there could be no breach; and fourth, that it was error to award plaintiff $46,000.00 on the theory that the defendant had committed an an-

ticipatory breach of the contract. We affirm the trial court's finding of a valid contract, breach thereof, and finding of damages thereon of $9,864.64, plus interest. We vacate the portion of the "Judgment" finding an anticipatory breach and award of $46,000.00 in damages, and we remand for further proceedings.

[1]   We first address the contention that the "Amendment To Separation Agreement" was not a valid contract. The crux of defendant's argument is that the contract is not supported by consideration. Before deciding that question, however, we must first decide whether the parties could enter into a contract to alter the terms of a separation agreement which had been incorporated into a divorce decree.

Defendant contends, and we agree, that once a separation agreement is incorporated into a court order, it loses its character as a contract and becomes a court order which must then be enforced through the contempt powers of the court. *See Walters v. Walters*, 307 N.C. 381, 386, 298 S.E. 2d 338, 342 (1983). Defendant contends further that "the agreement, now a court order, cannot be modified by agreement of the parties, but must be modified by the court." We have found no case in this jurisdiction specifically addressing the point raised here, whether the parties by a new agreement can agree themselves, without court action, to change the terms of a separation agreement which has been incorporated into a divorce decree. *Walters* stated that, once the contract has been approved by the court, it will no longer be treated as a contract. *Id.* In *Doub v. Doub*, 313 N.C. 169, 170-71, 326 S.E. 2d 259, 260-61 (1985), the Supreme Court stated that, once the separation agreement has come before the courts, the parties no longer have the option of electing to pursue contract remedies; they must pursue their rights through the contempt powers of the court. In *Cavenaugh v. Cavenaugh*, 317 N.C. 652, 658-59, 347 S.E. 2d 19, 24 (1986), the Supreme Court held that a party may *not* seek specific performance for payments under a separation agreement for the time after the separation agreement was incorporated into the divorce decree. Thus, we are of the opinion that the plaintiff here would not have been able to prevail *if* she had brought an action for specific performance of paragraph 9 of the original separation agreement of 16 November 1978 which was incorporated into the divorce decree of 20 November 1978.

[2]   Nonetheless, we find the circumstances below are *not* controlled by *Walters, Doub* and *Cavenaugh*. Plaintiff brought an action for specific performance of a document which we find to be a *new*, valid contract, executed *after* the divorce decree. Plaintiff had the right to seek judicial enforcement of the original separation agreement. By agreeing to the document of 3 November 1980, she agreed to give up her right to seek judicial enforcement of paragraph 9 of the 1978 agreement. That forbearance constituted consideration for the new 1980 agreement. It is the law in North Carolina that "valuable consideration need not be money. Any benefit to the promisor or any loss to the promisee, including the promisee doing something he is not bound to do or refraining from exercising a right, suffices as consideration for a promise." *Bumgarner v. Tomblin*, 63 N.C. App. 636, 642, 306 S.E. 2d 178, 183 (1983). We hold that contractual surrender of plaintiff's right to bring an action to enforce paragraph nine of the divorce decree is sufficient legal detriment to constitute consideration under the new agreement.

We also find the new contractual agreement was supported by other consideration. Plaintiff's evidence tended to show that the original agreement required defendant to construct a "home on lot 6 of the High Heather Estates in Blowing Rock, North Carolina." This specific piece of property was owned by plaintiff. She testified that defendant promised her that if she would allow him to sell the lot at High Heather, then he would procure a substitute residence for her. To this plaintiff agreed, relying on defendant's promise. Contemporaneous with the transfer of the lot at High Heather, defendant was excused from his duty to construct her a home upon it on the grounds of impossibility of performance, a detriment sufficient to support the agreement.

Thus, we affirm the trial court's finding that the 3 November 1980 agreement created a valid, enforceable contract supported by consideration and breached by defendant. In North Carolina,

> [c]onsideration is the glue that binds the parties to a contract together. A mere promise, without more, is unenforceable. However, consideration is present when there is some benefit or advantage to the promisor or loss or detriment to the promisee. *Wolfe v. Eaker*, 50 N.C. App. 144, 272 S.E. 2d 781 (1980), *pet. for disc. review denied*, 302 N.C. 222, 277 S.E.

2d 69 (1981). It has also been held that consideration exists when the promisee, in exchange for the promise, does anything he is not legally bound to do, or refrains from doing anything he has a right to do, whether there is any actual loss to him as a benefit to the promisor.

*In re Foreclosure of Owen,* 62 N.C. App. 506, 509, 303 S.E. 2d 351, 353 (1983). We hold the 3 November 1980 agreement constituted a new, valid contract supported by consideration.

[3] One of the elements of the contract was that Mr. Broyhill make the mortgage payments on the executed deed of trust. He admitted in his pleadings that he did not. The trier of fact determined that his failure to do so was a breach. The trial court's finding is affirmed.

[4] We next examine the defendant's contention that the trial court erred in finding an anticipatory breach damaging the plaintiff in the amount of $46,000.00. We agree that this finding was error.

The plaintiff's complaint prays that the "[d]efendant be ordered to specifically perform the contract entered into by the parties . . . dated November 3, 1980." Since the plaintiff requested only specific performance and damages for failure to pay in the past, we find the trial judge committed error by granting damages on the theory of anticipatory breach.

Anticipatory breach is defined as: "A breach committed before there is a present duty of performance, and is the outcome of words evincing intention to refuse performance in the future." [Citations omitted.] . . . .

. . . [Further] [p]arties to an executory contract for the performance of some act or services in the future impliedly promise not to do anything to the prejudice of the other inconsistent with their contractual relations and, if one party to the contract renounces it, the other may treat renunciation as a breach and sue for his damages at once, provided the renunciation covers the entire performance to which the contract binds the promisor.

*Cook v. Lawson,* 3 N.C. App. 104, 107-08, 164 S.E. 2d 29, 32 (1968).

The only allegations in this case were that defendant had failed to perform. There is no allegation or evidence that he had shown, by words or conduct, that he had repudiated the future performances due on the entire contract. Without this allegation and evidence, defendant cannot be held accountable for breaches that have yet to occur. Consequently, we find that the trial court's finding of damages based on this theory must be vacated. Additionally, we were unable to find any evidence in the record to justify the $46,000.00 figure found by the court.

[5]   Finally, we also agree with the defendant's contention that the trial court's judgment in this case was improper in form. "In all actions tried upon the facts without a jury . . . the court shall find the *facts* specially and state separately its *conclusions of law* thereon and direct the entry of the *appropriate judgment.*" N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (emphasis added). The order in this action contained the first two elements of a proper order, but was defective because it did not contain the last. The remedy to correct this deficiency, however, is not a new trial, but rather a remand for entry of a proper judgment. *Davidson and Jones, Inc. v. N.C. Dept. of Administration,* 69 N.C. App. 563, 576, 317 S.E. 2d 718, 725 (1984), *aff'd in part, rev'd in part and remanded,* 315 N.C. 144, 337 S.E. 2d 463 (1985).

In summary, we hold: (1) The trial court's findings and conclusions that plaintiff and defendant entered into a valid contract, supported by adequate consideration, is affirmed. (2) The court's findings and conclusions that defendant breached that agreement and that the damages were $9,864.64, plus $107.06 in interest, are affirmed. (3) The findings and conclusions relating to anticipatory breach are vacated. (4) The cause is remanded for the trial court to consider the plaintiff's claim for specific performance and to make appropriate findings and conclusions. The trial court is authorized to take additional evidence if requested by either party, or deemed necessary by the court, or both. Anticipatory breach need not be considered unless properly raised by the pleadings and the evidence. (5) Any final order shall contain findings, conclusions, and an order.

Affirmed in part, vacated in part and remanded.

Judges PHILLIPS and GREENE concur.