NORTH CAROLINA DEPARTMENT OF TRANSPORTATION v. RONALD E. DAVENPORT

No. 9010SC844

(Filed 2 April 1991)

**State § 12 (NCI3d)— dismissed employee—no just cause—proper procedure not followed—award of back pay proper**

The trial court did not err in holding that the State Personnel Commission was arbitrary and capricious in its decision not to award back pay to respondent employee who had been dismissed without just cause and without following proper procedure.

**Am Jur 2d, Public Officers and Employees § 297.**

APPEAL by petitioner from order entered 8 June 1990 by *Judge Gregory A. Weeks* in WAKE County Superior Court. Heard in the Court of Appeals 18 February 1991.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Patsy Smith Morgan, for petitioner appellant.*

*Nichols, Miller & Sigmon, P.A., by M. Jackson Nichols, for respondent appellee.*

COZORT, Judge.

The North Carolina Department of Transportation (DOT) appeals Judge Weeks' order modifying the Decision and Order of the State Personnel Commission by ordering that respondent Ronald Davenport receive back pay. We affirm.

Respondent was employed by DOT as a highway engineer from 5 August 1967 until his suspension on 27 March 1987. From 1973 to the time of suspension, respondent was in charge of DOT's district office. Respondent requested and DOT granted him outside work permits authorizing him to engage in private survey work for 10 hours per week in the evenings and on weekends. During the time he was in charge of the district office, respondent commingled private business data with official documents in his office. DOT's evidence indicates that on several occasions respondent used DOT's copying machine for private purposes, had a secretary type matters not related to DOT's business, and made local telephone calls for other than official DOT business.

On 27 March 1987, Davenport was suspended without pay pending an investigation by the State Bureau of Investigation. The suspension letter did not specify any alleged misconduct on the part of the respondent. Respondent appealed his suspension and sought a hearing. On 3 September 1987, DOT gave respondent a letter of dismissal. The letter informed Davenport that he was being dismissed for actions constituting conflict of interest; abuse and misuse of departmental facilities, equipment and personnel; and conduct unbecoming a DOT employee. Although the letter indicated that Davenport had conducted personal business on State time, it failed to specify names, dates, or times when Davenport was alleged to have conducted private business matters during business hours. Respondent petitioned the Office of Administrative Hearings for a hearing pursuant to N.C. Gen. Stat. § 150B-23 (Cum. Supp. 1990).

At the hearing, the administrative law judge made factual findings and concluded that the evidence presented by DOT was insufficient to show "just cause" to dismiss a career employee. The judge also concluded that DOT failed to give respondent specific reasons for his dismissal as required by law. Based on his findings and conclusions, the administrative law judge made the following recommended decision:

That the decision to dismiss [Davenport] be reversed as not being for just cause and that [Davenport] be reinstated with full benefits as well as attorney fees.

The State Personnel Commission (Commission) adopted the administrative law judge's findings of fact and conclusion that it had jurisdiction to find facts and issue a recommended decision. The Commission rejected, however, the judge's conclusion that respondent was entitled to back pay. The Commission ordered that respondent be reinstated, but that "because of [respondent's] conduct in the matter, the Commission declines to order an award of backpay [sic]." The Commission further recommended that disciplinary action be instituted against those responsible for DOT's failure to follow proper procedure in suspending and dismissing respondent. Pursuant to N.C. Gen. Stat. § 150B-45 (1987), DOT petitioned the Wake County Superior Court for judicial review of the Commission's final decision.

The superior court adopted as its own the administrative law judge's findings of fact. The court found that the "State Personnel Commission abused its discretion and was arbitrary and capricious in its application of 25 N.C.A.C. 1B .0243 [sic] in that the findings of fact indicate such egregious procedural violations that it constitutes lack of substantive just cause." The court concluded that the second part of N.C. Admin. Code tit. 25, r.1B.0432 (December 1989), which has a *mandatory* requirement for reinstatement, back pay and attorney's fees should have been applied. Rule .0432(b) provides:

> Failure to give specific reasons for dismissal, demotion or suspension without pay shall be deemed a procedural violation. The Personnel Commission, in its discretion, may award back pay and attorney's fees for such a violation or, it may determine that the violation is so severe that it rises to the level to constitute lack of substantive just cause; such a determination shall require reinstatement, backpay [sic] and attorney's fees as remedies.

The trial court concluded that, as a matter of law, the statute requires reinstatement *and* back pay because the procedural violations were so egregious that back pay was required. The court modified the Commission's decision to include all findings, conclusions and recommended decisions of the administrative law judge. DOT appeals.

The sole issue presented on appeal is whether the trial court erred by modifying the Commission's decision to provide respondent with back pay. We affirm.

N.C. Gen. Stat. § 150B-51 (1987) provides the standard of review with which the superior court reviews a final decision in a contested case where an administrative judge has made a recommended decision. First, the court shall determine whether the Commission heard new evidence after receiving the recommended decision. In the present case, the Commission did not. Second, the court must determine whether the Commission's decision states the specific reasons the Commission did not adopt a recommended decision. Here, the Commission's order reveals reasons the administrative law judge's recommendation of back pay was not adopted. After these initial determinations, the reviewing court may affirm, remand, reverse or modify the decision. The court may reverse or modify the agency's decision

> if the substantial rights of the [party] may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:
>
> * * * *
>
> (6) Arbitrary or capricious.

N.C. Gen. Stat. § 150B-51(b). It is clear from the record that the Commission found DOT's procedural violations to be egregious enough to recommend disciplinary actions against those who participated in the suspension and dismissal of respondent. Thus, the Commission made a determination that the violation was "so severe that it rises to the level to constitute lack of substantive just cause." N.C. Admin. Code tit. 25, r.1B.0432 (December 1989). Rule .0432 *requires* that respondent receive back pay. Thus, the trial court did not err in holding that the Commission was arbitrary and capricious in its decision not to award back pay. The decision of the trial court is

Affirmed.

Chief Judge HEDRICK and Judge LEWIS concur.