SOUTHERN MILLS, INC., v. J. P. T. ARMSTRONG, HAROLD A. JOHNSTON AND STAHLE LINN, OFFICERS AND DIRECTORS OF THE SUMMIT YARN COMPANY.

(Filed 20 October, 1943.)

1. **Process § 1—**

Due service of process is necessary to subject a party to the jurisdiction of the court. Only personal service was recognized at common law, and when substituted service is authorized by statute it is *strictissimi juris.*

2. **Process § 5—**

Service of process upon a nonresident individual by publication is valid only in proceedings *in rem* or *quasi in rem* (except in actions for divorce), and any judgment predicated thereupon can have no efficacy *in personam.*

3. **Same—**

To make valid substituted service under C. S., 484, the nonresident defendant not only must have property in the State, but the subject of the suit must be within the jurisdiction, or under the control of the court by attachment, restraining order, or otherwise.

4. **Process §§ 5, 11: Mandamus § 4—**

A *mandamus,* or mandatory injunction, can only operate *in personam;* and in an action under C. S., 1178, to compel the directors of a domestic corporation to pay dividends, so far as substituted service of process on nonresident directors is relied upon, the proceeding is a nullity.

DENNY, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Rousseau, J.,* at July Term, 1943, of LINCOLN.

The plaintiff company is a resident corporation and a stockholder in the Summit Yarn Company, also a resident corporation, and the defendants are the officers and directors of said yarn company, one of whom is a resident of the State and the other two are nonresidents. The action is brought to compel a declaration of dividends among its stockholders from the accumulated profits of said yarn company, under the provisions of C. S., 1178.

Service of summons was made personally upon the resident defendant, Mr. Linn, and service of summons was attempted to be made by publication upon the two nonresident defendants, Messrs. Armstrong and Johnston.

The nonresident defendants each entered special appearances and moved to dismiss the action as to each of them, for the want of jurisdiction, for the reason that there had been no valid service of summons upon either of them. The motion to dismiss was allowed, and order predicated thereon entered, to which plaintiff reserved exception and appealed.

*Sheldon M. Roper for plaintiff, appellant.*
*Jonas & Jonas for defendants, appellees.*

SCHENCK, J. The question posed by this appeal is: Was the personal service on a resident, one of three directors of a domestic corporation, and service by publication upon two nonresidents, the other two directors of such corporation, sufficient to subject said two nonresidents to the jurisdiction of the court? We think, and so hold, that the answer is in the negative.

Due service of process is necessary to subject a party to the jurisdiction of the court. Only personal service was recognized at common law, and when substituted service is authorized by statute it is *strictissimi juris,* and being of rigid right, a party invoking it is entitled to cold law—no more, no less. *Stanton v. Thompson,* 234 Mo., 7. "The court must see that every prerequisite prescribed exists in any particular case before it grants the order of publication." *Bacon v. Johnson,* 110 N.'C., 114, 14 S. E., 508.

The statute in this State relating to the subject, C. S., 484, authorizes the court or judge to grant an order that service be made by publication where the defendant "is not a resident, but has property in this State, and the court has jurisdiction of the subject of the action." This is the only provision made by the statute for substituted service upon a nonresident individual (except in actions for divorce). It does not appear in the instant case that either of the nonresident defendants has property in the State which has been brought within the jurisdiction of the courts, or to which plaintiff makes any claim. This action is simply "for a *mandamus,* mandatory injunction or other appropriate judgment . . . commanding the defendants . . . to declare and pay out to the plaintiff and other stockholders of the Summit Yarn Company . . . the accumulated earned profits" of the company during 1942—purely an action *in personam* to bring the defendants under the jurisdiction of the court to compel obedience to its mandates.

Being an action *in personam* the defendants could not be subjected to the jurisdiction of the court by any form of constructive service of process. Service of process upon a nonresident individual by publication is valid only in proceedings *in rem* or *quasi in rem,* and any judgments

predicated thereupon can have no efficacy *in personam*.    *Stevens v. Cecil,* 214 N. C., 217, 199 S. E., 161, and cases there cited.

A nonresident defendant not only must have property in the State but the subject of the suit must be within the jurisdiction, or under the control of the court by attachment, restraining order, or otherwise. *Winfree v. Bagley,* 102 N. C., 515, 9 S. E., 198; *Suskin v. Trust Co.,* 213 N. C., 388, 196 S. E., 407.

"Jurisdiction in case of actions *in personam* can only be acquired by personal service of process within the territorial jurisdiction of the court, or by acceptance of service, or by a general appearance, actual or constructive, . . . this is strictly an action *in personam*. An injunction can only operate *in personam;* and unless jurisdiction of the party can be acquired, the attempted procedure is a nullity, and, on motion properly made, it should be dismissed; . . . and a judgment *in personam* against a citizen of a foreign state, in a cause wherein he did not appear, although notice was served on him by publication, is a nullity." *Hoke, J.,* in *Warlick v. Reynolds,* 151 N. C., 606, 66 S. E., 657.

"Process from the tribunals of one state cannot run into another state, and summon parties there domiciled to leave its territory and respond to proceedings against them. Publication of process or notice within the state where the tribunal sits cannot create any greater obligation upon the nonresident to appear. Process sent to him out of the state, and process published within it, are equally unavailing in proceedings to establish his personal liability." *Pennoyer v. Neff,* 95 U. S., 714, 24 L. Ed., 570.

The judgment of the Superior Court dismissing the action as to the nonresident defendants, Messrs. Armstrong and Johnston, is

Affirmed.

DENNY, J., took no part in the consideration or decision of this case.