WESLEY S. FLEMING v. FLORA O. MANN, REGISTER OF DEEDS OF GRANVILLE COUNTY, NORTH CAROLINA, AND MARY G. CHACE

No. 749SC692

(Filed 6 November 1974)

1. **Mandamus § 1—mandamus statutes repealed — mandatory injunction**

    Although the statutory authority for the special remedy of mandamus by civil action, formerly G.S. 1-511 *et seq.*, has been repealed, the remedy formerly provided by the writ of mandamus is still available through the equitable remedy of mandatory injunction.

2. **Registers of Deeds; Registration § 1— letters and affidavit pertaining to real property — registration**

    Letters addressed to plaintiff pertaining to a boundary dispute and an affidavit outlining the boundary dispute were not clearly excluded from the category of "instruments pertaining to real property" which are allowed to be recorded by the register of deeds; therefore, plaintiff was not entitled to a writ of mandamus requiring the register of deeds to expunge them from her records. G.S. 47-1.

3. **Registers of Deeds— no duty to inquire into substance of documents**

    It is not the function of the register of deeds to inquire into the substance or the legal efficacy of the documents presented to him for recording; if they are properly acknowledged and probated and if the appropriate fee is tendered, it is his duty promptly to record and index them.

4. **Registration § 3— unauthorized recorded document — no constructive notice**

    An unauthorized recorded document simply gives no constructive notice of its contents.

5. **Courts § 9— dismissal denied by one judge — allowance by another judge**

    In an action for mandamus to require the register of deeds to expunge certain documents from her records, a superior court judge had authority to grant defendants' Rule 12(b)(6) motion to dismiss although another judge had denied the same motion where additional documents were recorded and plaintiff's complaint was supplemented following the initial ruling.

6. **Rules of Civil Procedure § 12— motion to dismiss — inadvertent omission of one defendant's name — oral motion to include name**

    Where the trial court found that the name of one defendant was inadvertently omitted from a written Rule 12(b)(6) motion to dismiss, the court had the discretion to allow an oral motion that such defendant's name be included in the motion to dismiss.

APPEAL by plaintiff from *Bailey, Judge,* 16 April 1974 Session of Superior Court held in GRANVILLE County.

Fleming v. Mann

Plaintiff and defendant Mary G. Chace share a common boundary between their respective tracts in Granville County. This action stems from a dispute over the location of that line.

On 26 October 1972 and 5 January 1973 Chace acknowledged and presented for recordation to the Register of Deeds of Granville County two "letters," dated respectively 26 October 1972 and 2 January 1973, addressed to plaintiff. The purported purpose of the first of these was "to notify" plaintiff of the boundary line dispute. The second "letter" included Chace's interpretation of the recent history of the title to the land forming the boundary and contains a statement that it was being filed "to avoid any complications or difficulties with innocent third parties." Both "letters" were recorded by defendant Flora O. Mann, Register of Deeds of Granville County. A third "letter," dated 18 June 1973, purportedly "cancelling" the 2 January 1973 letter, was also recorded.

Plaintiff instituted this action 7 September 1973 seeking a writ of mandamus ordering Mann to expunge these documents from the records in her office. Both defendants moved to dismiss pursuant to Rule 12 (b) (6). These motions were denied 3 December 1973 by Judge D. M. McLelland.

On 8 January 1974 two additional writings signed and acknowledged by Chace were recorded by Mann. The first purported to "revoke and cancel" the 26 October 1972 letter, and the second, which was entitled "Affidavit of Mary Green Chace Regarding Title Dispute Between the B. E. Green Heirs and Wesley S. Fleming as to Lines Between Their Adjoining Pieces of Real Property in Granville County," outlined a history of the boundary dispute with plaintiff. On 31 January 1974 plaintiff moved under Rule 15 (d) and received permission of court to supplement his original complaint to ask for a writ of mandamus ordering Mann also to expunge these additional documents from the records.

On 4 March 1974 attorneys for defendant Chace filed a new motion to dismiss pursuant to Rule 12 (b) (6) and subsequently the court allowed defendant Mann's oral motion to be included as a movant in this new motion to dismiss. On 4 April 1974 plaintiff moved for summary judgment pursuant to Rule 56 (a).

Plaintiff's motion for summary judgment and defendants' motion to dismiss were heard by Judge James H. Pou Bailey.

Judge Bailey denied plaintiff's motion, allowed defendants' motion, and by judgment dated 16 April 1974 dismissed plaintiff's action. From this judgment, plaintiff appealed.

*Hugh M. Currin and James E. Cross, Jr. for plaintiff appellant.*

*Watkins, Edmundson & Wilkinson by William T. Watkins and C. W. Wilkinson, Jr. for defendant appellee Flora O. Mann.*

*Edwards & Manson by Daniel K. Edwards for defendant appellee Mary G. Chace.*

PARKER, Judge.

[1] Plaintiff has prayed for no especial relief against defendant Chace, and the only relief prayed for against defendant Register of Deeds is for a writ of mandamus requiring her to expunge from the records in her office certain instruments recorded therein. The statutory authority for the special remedy of mandamus by civil action, formerly found in G.S. 1-511 et seq., was repealed effective 1 January 1970, the effective date of our new Rules of Civil Procedure. Sec. 4, Ch. 954, 1967 Session Laws. "However, in this State, where the court exercises both legal and equitable jurisdiction, in a suit against a public official or board there is no practical difference in the results to be obtained by the common-law remedy of mandamus and the equitable remedy of mandatory injunction." *Sutton v. Figgatt,* 280 N.C. 89, 185 S.E. 2d 97 (1971). Therefore, the remedy formerly provided by the writ of mandamus is still available, albeit the terminology may have changed, and the substantive grounds for granting the remedy as developed under our former practice still control. 2 McIntosh, N. C. Practice and Procedure, 2d Ed., § 2445 (Phillips, 1970 Pocket Parts).

"The writ of mandamus is an order from a court of competent jurisdiction to a board, corporation, inferior court, officer or person commanding the performance of a specified official duty imposed by law." *Sutton v. Figgatt, supra.* "It will lie only against a party under present legal obligation to perform the act sought to be enforced, and only at the instance of a party having a clear legal right to demand performance, and then only when there is no other adequate remedy available." 5 Strong, N. C. Index 2d, Mandamus, § 1, p. 291. Applying these principles to the case now before us, we find clear statutory duty imposed upon the Register of Deeds to record instruments prop-

erly presented to him for recording, but we find no similar duty imposed by statute to expunge any instrument from the records in his office. Plaintiff contends that such a duty must be found in the present case because, so plaintiff argues, the documents here in question were not such as the law authorized to be recorded and therefore the Register of Deeds was duty bound to expunge them. We do not agree.

[2]    The principal duties of the Register of Deeds are set forth in G.S. Chap. 161, Art. 2. Section 161-14(a) of that Article contains the clear mandate that "[t]he register of deeds shall immediately register all written instruments presented to him for registration," and there is little in other pertinent statutes to limit the all-inclusive scope of the words "all written instruments." G.S. 161-22 refers to "instruments of writing required or authorized to be registered" and G.S. 47-14(a) refers to "any instrument, required or permitted by law to be registered," but neither statute lists what instruments these may be. The Connor Act, G.S. 47-18, and the statute relating to deeds of gift, G.S. 47-26, provide that the instruments to which they apply must be registered in order to be fully valid. In that sense such instruments are "required" by law to be registered. Since any instrument required by law to be registered must of necessity be included in the category of instruments "authorized" or "permitted" by law to be registered, the latter category is much broader. G.S. 47-1, which deals with acknowledgment and probate, provides an extensive list of documents to which that section applies, including "affidavits concerning land titles or family history, any instruments pertaining to real property, and any and all instruments and writings of whatever nature and kind which are required or allowed by law to be registered in the office of the register of deeds." From that section, it is clear that "affidavits concerning land titles or family history" and "any instruments pertaining to real property" are included among the documents "allowed by law to be registered." It may be legitimately argued that all of the documents involved in the present case are "instruments pertaining to real property" and as such are included among those documents which are "allowed" or "authorized" or "permitted" by law to be registered. However that may be, it is certain that they were not so clearly excluded from that category that, once registered, the plaintiff had a clear legal right to require the Register of Deeds to expunge them. Absent such a clear legal right, plaintiff's action for writ of mandamus cannot be sustained.

Fleming v. Mann

**[3, 4]**  Moreover, we point out that it is not the function of the Register of Deeds to inquire into the substance or the legal efficacy of the documents presented to him for recording. If they are properly acknowledged and probated and if the appropriate fee is tendered, it is his duty promptly to record and index them. The purposes of our recording statutes would be ill served if it were otherwise. Should it turn out in some case that the Register of Deeds recorded a document not "required or authorized" to be registered, that should be no concern of his. An unauthorized recorded document simply gives no constructive notice of its contents. *Chandler v. Cameron,* 229 N.C. 62, 47 S.E. 2d 528 (1948).

Since mandamus will not lie, it remains for us to examine whether plaintiff's complaint can be sustained on any other basis. As previously noted, the only relief which plaintiff prayed for was issuance of the writ of mandamus. However, except in case of judgment entered by default, "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." G.S. 1A-1, Rule 54(c). Therefore, if the allegations in plaintiff's complaint are sufficient to show that he may be entitled to any relief in this action, even though not that which he requested, defendants' motion to dismiss should not have been granted. We have carefully examined plaintiff's complaint and find no grounds for granting relief. Although plaintiff alleged in his complaint that the three "letters" which defendant Chace had written and filed for recording had "created a cloud on the title of the plaintiff's said lands," none of the instruments of which planitiff complains question the validity of or impose any encumbrances on his title. At most they express defendant Chace's question as to the correct location of the boundary line and express her desire to have the matter settled by a survey. If plaintiff obtained the full relief which he seeks, nothing would be settled thereby, as the correct location of the boundary line would remain in dispute. Plaintiff's remedy is by special proceeding under G.S., Chap. 38, not by civil action to quiet title or to expunge recorded instruments from the records.

**[5]**  Plaintiff's contention that Judge Bailey lacked authority to grant defendants' Rule 12(b)(6) motion to dismiss because Judge McLelland had previously denied the same motion is without merit. Following Judge McLelland's ruling, additional

documents were recorded and plaintiff's complaint was supplemented. Judge Bailey was not passing upon the precise question which had previously been presented to Judge McLelland.

[6]   Finally, plaintiff contends that appellee Mann's oral motion to dismiss should have been disallowed because of her failure to state the number of the Rule of Civil Procedure under which she was moving. Both Chace and Mann were represented at the hearing on the motion by the same attorney. The name of Mann was omitted from the written motion filed 4 March 1974 to dismiss under Rule 12(b)(6). Judge Bailey found that this omission was inadvertent and allowed on oral motion Mann's name to be included in the motion to dismiss. This procedure was within the discretionary power of the trial court.

The judgment appealed from is

Affirmed.

Judges CAMPBELL and VAUGHN concur.