NORTH CAROLINA DEPARTMENT OF TRANSPORTATION v. RONALD E. DAVENPORT

No. 3A93

(Filed 30 July 1993)

**Contempt of Court § 2 (NCI4th); State § 4.2 (NCI3d) — State agency — contempt of court — sovereign immunity**

Because the State of North Carolina has not consented to be subject to the contempt power of the courts, the doctrine of sovereign immunity barred the superior court from holding the N.C. Dept. of Transportation, an administrative agency of the State, in contempt. Therefore, the superior court erred in issuing an order requiring the Dept. of Transportation to appear and show cause why it should not be held in contempt for failure to obey a prior order directing the reinstatement of respondent employee.

**Am Jur 2d, Contempt §§ 2, 62 et seq.; States, Territories, and Dependencies §§ 99-104.**

Appeal by respondent Davenport pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 108 N.C. App. 178, 423 S.E.2d 327 (1992), reversing the order of Farmer, J., at the 31 May 1991 session of Superior Court, Wake County. Heard in the Supreme Court 10 May 1993.

*Attorney General Michael F. Easley, by Assistant Attorney General Patsy Smith Morgan, for petitioner-appellee North Carolina Department of Transportation.*

*Crisp, Davis, Page, Currin & Nichols, by M. Jackson Nichols, for respondent-appellant.*

PARKER, Justice.

The issue presented by this case is whether respondent Davenport could petition the superior court for a show cause order against petitioner the North Carolina Department of Transportation ("DOT"), an administrative agency of the State, for contempt pursuant to N.C.G.S. § 5A-11(a)(3) or § 5A-21. For reasons which follow we conclude no action for contempt will lie against petitioner.

This case arose from the dismissal of respondent Davenport from employment by petitioner. Respondent was employed from 5 August 1967 to 27 March 1987, when he was suspended. He was dismissed on 3 September 1987. Respondent petitioned the Office of Administrative Hearings for a hearing pursuant to the Administrative Procedure Act, see N.C.G.S. § 150B-23(a) (1991). An administrative law judge concluded respondent was dismissed without just cause and recommended reinstatement with back pay. The State Personnel Commission ("the Commission") adopted the administrative law judge's recommendation on reinstatement but rejected the conclusion that respondent was entitled to back pay. DOT then petitioned the superior court for review of the Commission's final decision. On review the superior court affirmed reinstatement but modified the Commission's decision by ordering that respondent receive back pay. Petitioner appealed and the Court of Appeals affirmed the decision of the superior court affirming reinstatement and awarding back pay. N.C. Dept. of Transportation v. Davenport, 102 N.C. App. 476, 402 S.E.2d 477 (1991).

Prior to dismissal respondent's title was "District Engineer" in petitioner's Lenoir County, North Carolina, district office, and respondent's pay grade was 77. Upon returning to work respondent's new title was "Division Operations Engineer" in Wilson, North Carolina, and his pay grade was 77.

On 22 May 1991 respondent moved in Wake County Superior Court for an order directing petitioner to appear and show cause why it should not be held in contempt for failure to obey the prior order directing reinstatement of respondent. Respondent's motion stated that "reinstatement" as ordered by the superior court meant reinstatement to his former position and not employment in a comparable position. The motion also stated respondent's adjusted salary included only legislative increases and no additional compensation for his extended commute. Petitioner moved to dismiss the contempt proceeding and for summary judgment, alleging the court lacked personal and subject matter jurisdiction. The court denied the motion to dismiss and ordered that

    1. The Department of Transportation appear before this court on July 22, 1991, at 10:00 a.m., or as soon thereafter as counsel can be heard, then and there to show cause why Respondent should not be adjudged guilty o[f], and punished

for contempt of court because of Respondent's failure to reinstate Petitioner in his previous position . . . .

Petitioner appealed to the Court of Appeals and petitioned for writ of certiorari, which the Court of Appeals granted to consider whether the superior court lacked subject matter jurisdiction.

The Court of Appeals concluded the superior court did not have subject matter jurisdiction to hear the contempt proceeding because in appeals from agency decisions, the superior court sits as an appellate court and may not make findings of fact. *N.C. Dept. of Transportation v. Davenport*, 108 N.C. App. 178, 181, 423 S.E.2d 327, 329 (1992), *motion to dismiss appeal denied*, 333 N.C. 463, 430 S.E.2d 676 (1993). The court thus held petitioner's motion to dismiss should have been granted. Dissenting, Judge Wells stated that in denying petitioner's motion to dismiss, the superior court judge "was not acting in an appellate review context. He was acting in response to Mr. Davenport's motion to require the DOT to do what it had been ordered to do in Judge Weeks' judgment." *Id.*

Since the superior court's order was directed to an administrative agency of the State of North Carolina, the threshold question is whether the court had authority to hold the sovereign in contempt. We conclude the court could not do so.

> The doctrine of sovereign immunity — that the State cannot be sued without its consent — has long been the law in North Carolina. The doctrine has proscribed both contract and tort actions against the state and its administrative agencies, as well as suits . . . to control the exercise of judgment on the part of State officers or agencies.

*Smith v. State*, 289 N.C. 303, 309-10, 222 S.E.2d 412, 417 (1976). In *Smith* the Court noted that by the enactment of the Tort Claims Act, the State specifically consented to be sued for certain torts. *Id.* at 313, 222 S.E.2d at 419; *see also* N.C.G.S. §§ 143-291 to 143-300.1 (1990 and Supp. 1992). The Court went on to hold that the doctrine of sovereign immunity did not bar an action against the State for breach of a duly authorized State contract but noted that since execution to enforce the judgment is unavailable, the collectibility of any judgment is dependent upon legislative appropriation. *Id.* at 320-21, 222 S.E.2d at 424. *See also Smith v. State*, 298 N.C. 115, 123, 257 S.E.2d 399, 404 (1979) (addressing the merits of plain-

tiff's claim). In reaching this result, the Court enumerated specific statutes constituting "contractual situations" in which the legislature had specifically consented to be sued. *Id.* at 321, 222 S.E.2d at 424. In addition, the Court emphasized that its decision had "no application to the doctrine of sovereign immunity as it relates to the State's liability for torts." *Id.* at 322, 222 S.E.2d at 424. By the limited way in which it abrogated the doctrine of sovereign immunity, the majority in *Smith* underscored the doctrine's strength and continuing vitality; and after *Smith* this Court reaffirmed the doctrine. *Guthrie v. State Ports Authority*, 307 N.C. 522, 534, 299 S.E.2d 618, 625 (1983) (stating that no action can be maintained against the State of North Carolina or an agency thereof unless it consents to be sued or upon its waiver of immunity, and such immunity is absolute and unqualified).

Dissenting from even the limited abrogation of the doctrine in *Smith*, Justice Lake pointed out that immunity from suit is "the natural, inherent attribute of sovereignty." *Smith v. State*, 289 N.C. at 341, 222 S.E.2d at 436. The feudal English monarch "could not be held liable for damage to its subjects" not because the king could do no wrong but because

he could not be sued in *his* courts, because the courts had no jurisdiction the king did not see fit to confer upon them. The courts were his instrumentalities, not his superiors. A subject who deemed himself wronged by the king could petition the king for redress, but could not sue the king without the king's consent. Thus, sovereign immunity antedated *Russell v. Men of Devon* by at least five centuries and was not judge-made, but sovereign-made law. It was the common law of England, axiomatically, long before the American Declaration of Independence and so was brought into our law by G.S. 4-1 and, so far as I have been able to ascertain, was not rejected by any decision of this Court prior to today.

*Id.* Moreover, in America, "the State, i.e., the people in their collective capacity, is the sovereign" and the courts are instruments of that sovereign, by whom their jurisdiction is conferred. *Id.* at 341-42, 222 S.E.2d at 436-37.

In the case now before us, respondent has not cited any statute in which the sovereign State of North Carolina has consented to be subject to the contempt power of the court. Indeed, we are convinced that none exists. The contempt statutes refer generally

to persons. *E.g.*, N.C.G.S. § 5A-12(a) (1986) (stating person who commits criminal contempt is subject to censure, imprisonment, and fine); § 5A-21(b) (stating person found in civil contempt may be imprisoned as long as contempt continues). "[I]n common usage, the term 'person' does not include the sovereign [and] statutes employing the [word] are ordinarily construed to exclude it." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64, 105 L. Ed. 2d 45, 53 (1989). Chapter 126 confers on the Commission and the Office of Administrative Hearings jurisdiction over appeals of state employee grievances. N.C.G.S. § 126-37 (1991); *Batten v. N.C. Dept. of Correction*, 326 N.C. 338, 342-43, 389 S.E.2d 35, 39 (1990). Contempt is not mentioned in Chapter 126. Similarly, Chapter 7A and Chapter 150B, the Administrative Procedure Act, confer on the superior court appellate jurisdiction over final decisions by the Commission on such grievances. N.C.G.S. § 7A-250 (1989); § 150B-43 (1991). Again, contempt is not mentioned, and as this Court reiterated in *Guthrie*

> "[w]hen statutory provision has been made for an action against the State, the procedure prescribed by statute must be followed, *and the remedies thus afforded are exclusive.* The right to sue the State is a conditional right, and the terms prescribed by the Legislature are conditions precedent to the institution of the action."

307 N.C. at 539, 299 S.E.2d at 628 (quoting *Insurance Co. v. Gold, Commissioner of Insurance*, 254 N.C. 168, 173, 118 S.E.2d 792, 795 (1961)) (emphasis added) (citations omitted).

Applying the foregoing principles, we conclude that respondent, an administrative agency of the State of North Carolina, is not subject to contempt. For this reason we modify the decision of the Court of Appeals reversing the superior court's order; and as modified, the decision is affirmed.

MODIFIED AND AFFIRMED.