STEPHEN MOORE BROWER, Petitioner-Appellee v. ALEXANDER KILLENS, COMMISSIONER, NORTH CAROLINA DIVISION OF MOTOR VEHICLES, Respondent-Appellant

No. COA95-1015

(Filed 18 June 1996)

**Judgments § 237 (NCI4th)— criminal DWI case dismissed— subsequent automatic license revocation hearing—existence of probable cause to arrest for DWI—DMV collaterally estopped from relitigating issue**

In this action for *de novo* review of petitioner's automatic license revocation based on his refusal to submit to chemical analysis of his breath, respondent DMV was collaterally estopped from relitigating the existence of probable cause to arrest petitioner for driving while impaired, since the trial court in a criminal prosecution of petitioner for DWI concluded that the trooper had insufficient probable cause to arrest petitioner; petitioner in this case was defendant in that case; and DMV in this case was in privity with the prosecution in the criminal case, as the State instituted both the civil hearing and the criminal prosecution, and the State represented the same interest in both actions—that of the citizens of North Carolina in maintaining safe roadways.

**Am Jur 2d, Judgments § 698.**

Appeal by respondent from order signed 22 June 1995 by Judge W. Douglas Albright in Guilford County Superior Court. Heard in the Court of Appeals 23 April 1996.

*Attorney General Michael F. Easley, by Associate Attorney General Sondra C. Panico, for respondent-appellant.*

*Smith, Follin & James, L.L.P. by Seth R. Cohen, and Charles A. Lloyd for petitioner-appellee.*

MARTIN, Mark D., Judge.

Respondent Alexander Killens[1], Commissioner of the North Carolina Division of Motor Vehicles (DMV), appeals from order of the trial court finding DMV was collaterally estopped from litigating the existence of probable cause to arrest petitioner Stephen Brower (Brower).

On 10 February 1994 Brower was stopped by Trooper R.D. Mendenhall while traveling on Interstate 40 in Guilford County and subsequently arrested for operating his vehicle under the influence of an impairing substance. Trooper Mendenhall offered Brower the opportunity to submit to chemical analysis of his breath. Brower was marked as having refused such analysis.

As a result of the alleged refusal, DMV revoked Brower's license. Brower requested, and received, an administrative hearing to contest the automatic license revocation. By letter dated 24 June 1994, the revocation was upheld. On 30 June 1994 Brower instituted the present action for *de novo* review of the revocation (case II).

In September 1994 the criminal case against Brower for driving while impaired was called in Guilford County District Court (case I). At trial Brower challenged his arrest for lack of probable cause. After a full hearing, the trial court, by order issued 14 September 1994, concluded Trooper Mendenhall had insufficient probable cause to arrest Brower. The trial court suppressed the tainted evidence and granted Brower's motion to dismiss.

On 20 October 1994 Brower amended his complaint in case II to assert collateral estoppel as an affirmative defense to the license revocation. By order filed 23 June 1995 the trial court concluded DMV was estopped from relitigating whether or not Trooper Mendenhall had probable cause to arrest Brower for driving while impaired.

On appeal DMV contends the trial court erred by: (1) concluding DMV was collaterally estopped from relitigating the probable cause issue; and (2) signing an invalid order.

I.

We first consider whether DMV is collaterally estopped from relitigating the existence of probable cause to arrest Brower for driving while impaired.

---

1. Effective 29 April 1996, Alexander Killens resigned as Commissioner of DMV. At present, Frederick Aikens is the Acting Commissioner.

## BROWER v. KILLENS

[122 N.C. App. 685 (1996)]

"The doctrine of collateral estoppel provides that a party will be estopped from relitigating an issue where 1) the issue has been necessarily determined previously and 2) the parties to that prior action are identical to, or in privity with, the parties in the instant action." *State v. O'Rourke*, 114 N.C. App. 435, 439, 442 S.E.2d 137, 139 (1994). In the present case, the lack of probable cause to arrest was clearly established in case I; and Brower was the defendant in both case I and case II. Further, to sustain Brower's license revocation, DMV must establish Trooper Mendenhall had reasonable grounds to believe Brower was driving while impaired, *see* N.C. Gen. Stat. § 20-16.2(d)(2) (1993), which is "substantially equivalent" to a probable cause determination, *see In re Gardner*, 39 N.C. App. 567, 571, 251 S.E.2d 723, 726 (1979) (" 'Probable cause and "reasonable ground to believe" are substantially equivalent terms.' " (*quoting State v. Harris*, 279 N.C. 307, 311, 182 S.E.2d 364, 367 (1971))). It follows therefore that our consideration of the collateral estoppel issue is necessarily limited to whether DMV in case II is in privity with the prosecution in case I.

Privity exists where one party is "so identified in interest with another that [it] represents the same legal right [as the other]." *County of Rutherford ex rel. Hedrick v. Whitener*, 100 N.C. App. 70, 76, 394 S.E.2d 263, 266 (1990) (*quoting* 46 AM. JUR. 2D *Judgments* § 532 (1969)). "Privity is not established, however, from the mere fact that persons may happen to be interested in the same question or in proving or disproving the same state of facts . . . ." *Id.* Indeed, the doctrine of issue preclusion should operate to bar relitigation of an issue only where the instant party was "fully protected" in the earlier proceeding. *Id.*

DMV argues this Court's decision in *State v. O'Rourke*, 114 N.C. App. 435, 442 S.E.2d 137 (1994), is dispositive of the present case. In *O'Rourke* this Court considered whether the State was collaterally estopped from introducing evidence of the defendant's refusal to submit to a blood alcohol test because DMV had previously concluded defendant did not willfully refuse the test. *Id.* at 439, 442 S.E.2d at 139. The *O'Rourke* Court held the District Attorney was not collaterally estopped from introducing the challenged evidence because, even assuming the willful refusal issue was resolved by DMV, the District Attorney and DMV were not in privity. *Id.* at 439-440, 442 S.E.2d at 139.

The *O'Rourke* Court focused on two factors in concluding the District Attorney and DMV were not in privity. First, the criminal pro-

ceeding directed by the District Attorney and the civil licensing hearing controlled by DMV protect different interests. *Id.* at 440, 442 S.E.2d at 139. Second, "the District Attorney had no role in the administrative proceeding and, therefore, was not 'fully protected' in that proceeding." *Id.*

Subsequent to this Court's decision in *O'Rourke*, however, our Supreme Court clarified that it was actually the people of North Carolina, rather than District Attorneys, who are the real parties in interest in criminal prosecutions. *Simeon v. Hardin*, 339 N.C. 358, 368, 451 S.E.2d 858, 865 (1994) (*citing* N.C. Const. art. IV, § 13(1)). Therefore, as DMV is also a servant of the people, *see* N.C. Const. art. I, § 2 ("All political power is vested in and derived from the people; all government . . . is instituted solely for the good of the whole"), we conclude the district attorney and DMV actually represent the same interest in driving while impaired cases—that of the citizens of North Carolina in prohibiting individuals who drive under the influence of intoxicating substances from using their roads. *See Joyner v. Garrett, Comr. of Motor Vehicles*, 279 N.C. 226, 239, 182 S.E.2d 553, 562 (1971) (license revocation statute is designed to promote breathalyzer examinations which supply evidence directly related to state's enforcement of motor vehicle laws).

Nevertheless, we remain bound by the *O'Rourke* Court's admonition, *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 36-37 (1989), that "the District Attorney [has] no role in the administrative proceeding and, therefore, [is] not 'fully protected' [therein]." *O'Rourke*, 114 N.C. App. at 440, 442 S.E.2d at 139. *See also Whitener*, 100 N.C. App. at 76-77, 394 S.E.2d at 266 (collateral estoppel applies only if interest of instant party is fully protected in previous proceeding). Consequently, under *O'Rourke* and *Whitener*, we recognize the District Attorney is not collaterally estopped from relitigating issues previously determined in license revocation proceedings.

The present case, however, does not implicate the same concerns of non-representation as *O'Rourke* because the District Attorney's office was necessarily involved from the inception of the criminal case against Brower. Therefore, we believe our Supreme Court's decision in *State v. Lewis*, 311 N.C. 727, 319 S.E.2d 145 (1984), rather than this Court's opinion in *O'Rourke*, is dispositive of the present case.

In *Lewis*, the State, through its New Bern Child Support Agency, filed a civil proceeding against defendant seeking indemnification for public assistance it rendered two of defendant's minor children. *Id.* at

728, 319 S.E.2d at 147. Defendant, in his answer, alleged he was not the father of the children. *Id.* Noting defendant was adjudicated the natural father of the children in a prior criminal action also instituted by the State, the trial court concluded defendant was estopped from denying paternity. *Id.* at 728-729, 319 S.E.2d at 147.

The Supreme Court, affirming the trial court, stated, "[d]efendant . . . contends that the state in this [civil] action is not identical to or in privity with the state in the prior criminal action. We find this argument feckless." *Id.* at 732, 319 S.E.2d at 149. In reaching its holding, the *Lewis* Court recognized the State instituted both the criminal and civil proceeding; the State "was not a nominal party" in either action; and the State pursued the same interest in both cases—having parents financially support their children. *Id.*

Likewise, in the present case, the State instituted both the criminal prosecution for driving while impaired and the civil license revocation hearing. The State represented the same interest in both actions—that of the citizens of North Carolina in maintaining safe roadways. *See Joyner*, 279 N.C. at 239, 182 S.E.2d at 562. Further, we note the District Attorney, acting as the legal representative of the citizens of North Carolina, was actively involved in the probable cause determination in case I. Therefore, under *Lewis, Whitener, Simeon,* and *Joyner*, we conclude DMV in case II is in privity with the State in case I.

Our holding is a narrow one. Indeed, by finding privity in the present case, we do not imply DMV is collaterally estopped from relitigating any other issue previously determined in a criminal trial for driving while impaired. Such an expansive rule would ignore our Supreme Court's admonition that:

the same motor vehicle operation may give rise to two separate and distinct proceedings. One is a civil and administrative licensing procedure instituted by the Director of Motor Vehicles to determine whether a person's privilege to drive is revoked. The other is a criminal action instituted in the appropriate court to determine whether a crime has been committed. Each action proceeds independently of the other, and the outcome of one action is of no consequence to the other.

*Joyner*, 279 N.C. at 238, 182 S.E.2d at 562 (*quoting Ziemba v. Johns*, 163 N.W.2d 780, 781 (Neb. 1968)). Rather, our decision is necessarily limited to collaterally estopping DMV from relitigating the probable

cause determination—the precise inquiry adjudicated by the district court in case I.

We believe, by limiting our holding to probable cause determinations, our decision remains faithful to the Supreme Court's recognition of the fundamental difference between criminal prosecutions and civil license revocation proceedings. *See Id. See also State v. Chandler*, 100 N.C. App. 706, 711, 398 S.E.2d 337, 340 (1990) (State must establish every element of a criminal charge beyond a reasonable doubt); *Wyatt v. Coach Co.*, 229 N.C. 340, 342, 49 S.E.2d 650, 652 (1948) (burden of proof in ordinary civil actions is preponderance of the evidence). This is true because there is no legal distinction between probable cause to arrest in a criminal proceeding and "reasonable ground to believe" that the accused was driving while impaired in a license revocation hearing. *See Gardner*, 39 N.C. App. at 571, 251 S.E.2d at 726 (*quoting Harris*, 279 N.C. at 311, 182 S.E.2d at 367) (" 'Probable cause and "reasonable ground to believe" are substantially equivalent terms.' "). *See also Montgomery v. N.C. Dept. of Motor Vehicles*, 455 F. Supp. 338, 342-343 (W.D.N.C. 1978) (upholding the constitutionality of automatic license revocation statute because officer must have probable cause to arrest), *aff'd*, 599 F.2d 1048 (4th Cir. 1979). Put simply, the quantum of proof necessary to establish probable cause to arrest in criminal driving while impaired cases and civil license revocation proceedings, notwithstanding the different burdens on the remaining elements, is virtually identical. Therefore, we can discern no rational reason to allow DMV to relitigate the probable cause determination from case I.

Accordingly, we affirm the trial court's order collaterally estopping DMV from relitigating whether or not Trooper Mendenhall had probable cause to arrest Brower.

II.

Finally, DMV contends the trial court's order is invalid because it does not contain a judgment.

It is well settled that when, as here, the contested order is "defective because it did not contain [an appropriate judgment] . . . [t]he remedy to correct this deficiency . . . is not a new trial, but rather a remand for entry of a proper judgment." *Pitts v. Broyhill*, 88 N.C. App. 651, 658, 364 S.E.2d 738, 743 (1988). See also N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (1990) ("In all actions tried upon the facts without a jury . . . the court shall find the *facts* specially and state sepa-

rately its *conclusions* of law thereon and direct the entry of the *appropriate judgment.*") (emphasis added).

Accordingly, under *Pitts*, we remand this case to the trial court for entry of an order consistent with this opinion which satisfies the strictures of N.C.R. Civ. P. 52(a)(1).

Affirmed and remanded.

Judges GREENE and JOHN concur.